■ In the Matter of MELANIE RUTH JJ, Alleged to be a Permanently Neglected Child. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRENDA JJ, Appellant.—Appeal from an order of the Family Court at St. Lawrence County, entered February 20, 1979, which permanently terminated respondent's parental rights in her child Melanie. Born on September 3, 1971, Melanie had been placed in foster care on two separate occasions prior to a December 17, 1974 order of the Family Court which placed her in the custody of the petitioner department of social

services while allowing her to reside physically with her parents. Shortly thereafter, on January 10, 1975, respondent mother committed herself to an alcoholic drug treatment program and left Melanie in the care of her father. She was released the following month and moved to Virginia in May of 1975 to avoid arrest on charges of having passed $1,200 worth of bad checks. The respondent mother would not return to New York until October of 1976 when she moved to the Rochester area with a man she had been living with in Virginia and their six-month-old son. Meanwhile, Melanie's father suffered a heart attack and she was placed in foster care in September of 1976. Following unsuccessful efforts by the department to re-establish a relationship between Melanie and her parents, a petition was filed on June 22, 1978 seeking the termination of parental rights based on permanent neglect. Following fact-finding and dispositional hearings, Family Court found Melanie to be a permanently neglected child since both her parents had failed to meet the statutory requirements of contact and planning (Social Services Law, § 384-b, subd 7, par [a]). Custody was awarded to the department for the purpose of adoption on the condition that Melanie's present foster parents be approved for adoptive placement and their adoption of her be approved by a court of proper jurisdiction. Only the respondent mother has appealed from the Family Court's order. It is well settled that a finding of either a failure to maintain contact *or* a failure to plan for the child's future is sufficient to support a finding that the child is permanently neglected *(Matter of Orlando F.,* 40 NY2d 103; *Matter of Judy V.,* 60 AD2d 719). Furthermore, a parent's failure to contact or plan need not be confined to the one-year period immediately preceding the filing of the petition, but may be any one-year period prior to the filing while the child is under the care of the agency *(Matter of Jones,* 59 Misc 2d 69, 71). In the instant proceeding, it is clear that the respondent mother failed to maintain contact with and plan for her child's future while she was living in Virginia. During her stay in that State, she telephoned her social services caseworker on several occasions, but refused to divulge her whereabouts for fear that such disclosure might lead to her arrest on the criminal charges which caused her to leave. Efforts by the department to locate her proved futile. From the time the respondent mother left New York in May of 1975 until her return to the State some 17 months later, there was apparently little or no contact with Melanie, who was then living with her father, although the mother did testify that they spoke once or twice over the phone. However, even if those phone conversations did occur, they must be deemed "insubstantial or infrequent contacts" (Social Services Law, § 384-b, subd 7, par [b]) which will not preclude a finding of permanent neglect. The statutorily required showing of "diligent efforts" by the department is not required where, as here, the parent has failed to keep the agency apprised of his or her location for a period of six months (Social Services Law, § 384-b, subd 7, par [e]). Respondent also argues that the introduction into evidence at the fact-finding hearing of the department's entire case file on her family was reversible error. We disagree. As we recently noted in *Matter of Lisa Ann U.* (75 AD2d 944), the mere admission of the entire case file does not automatically warrant reversal. In those instances in which the entire case file is admitted, "fundamental fairness" will not be violated when a respondent has an opportunity to examine the file, either prior to or during the trial *(Matter of Leon RR,* 48 NY2d 117, 123-124). Respondent's attorney in this proceeding appears to have had an opportunity to examine the case records prior to the fact-finding hearing as *Matter of Leon RR (supra)* requires. Counsel's examination of witnesses during the hearing displayed a

close familiarity with the case file and on numerous occasions he made direct references to specific pages in the file. Additionally, Family Court afforded respondent's attorney the opportunity to make specific objections to any portion of the case record (see *Matter of Lisa Ann U., supra,* p 945). Respondent's final argument is that Family Court abused its discretion when it awarded custody of Melanie to the department following the dispositional hearing. A review of that court's decision, however, indicates that the determination was made "solely on the basis of the best interests of the child" (Family Ct Act, § 631), and we see no reason to disturb the order freeing the child for adoption. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.