■ In the Matter of MICHAEL B., a Child Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DARLENE B., Appellant. — Appeal from orders of the Family Court of Broome County (Whiting, Jr., J.), entered April 8, 1981 and May 12, 1981, which found respondent's child to be permanently neglected pursuant to article 6 of the Family Court Act, transferred custody rights of the child to petitioner Department of Social Services, and authorized petitioner to consent to the adoption of the child subject to the order of a court of competent jurisdiction. Respondent first contends that there was insufficient evidence to sustain the decision reached by the Family Court that (a) petitioner agency made diligent efforts to encourage and strengthen the parental relationship, (b) respondent failed, for a period of one year following the date petitioner gained custody, substantially and continually or repeatedly to maintain contact with or plan for the future of the child, and (c) the best interests of the child required guardianship and custody to be with petitioner. We disagree and find that the evidence warranted a finding that the five allegations specified in section 614 of the Family Court Act were proved by clear and convincing evidence as required by *Santosky v Kramer* (__ US __, 102 S Ct 1388) (see *Matter of Orlando F.,* 40 NY2d 103; *Matter of Melanie Ruth JJ.,* 76 AD2d 1008, 1009). Our decision is based upon factual findings of the Family Court as reflected in its written decision of April 8, 1981 made at the conclusion of the fact-finding hearing. Prior to the recent decision in *Santosky v Kramer* (*supra*), the evidentiary standard required to make a finding of permanent neglect of a child was that of a "fair preponderance of the evidence" (Social Services Law, § 384-b, subd 3, par [g]). However, now we are required to and do apply the higher "clear and convincing" standard to this case. We come to our present decision despite the trial court's statements in its order of April 8, 1981 and order entered May 12, 1981, that its findings relating to permanent neglect were made upon a fair preponderance of the evidence. In this connection, we note that in its written decision of April 8, 1981, the Family Court stated: "This Court is satisfied this is clearly a case of permanent neglect as defined in section 614 of the Family Court Act." This assertion by the trial court reveals that court's view that its decision following the fact-finding hearing was supported by more than a mere preponderance of the evidence. In light of the conclusions reached herein, the order entered May 12, 1981, and the order of April 8, 1981, should each be modified so as to strike from each the words "upon a fair preponderance of the evidence", and, as so modified, the orders should be affirmed. Respondent's

remaining contention that the hearings were tainted by the admission of improper prejudicial documentary evidence has been examined and found to be without merit. Orders modified, on the law and the facts, by striking therefrom the words "upon a fair preponderance of the evidence", and, as so modified, affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.