■ In the Matter of JUNE Y. BROOKLYN HOME FOR CHILDREN et al., Respondents; DEBRA Y., Appellant. (Proceeding No. 1.) In the Matter of JUDY Y. BROOKLYN HOME FOR CHILDREN et al., Respondents; DEBRA Y., Appellant. (Proceeding No. 2.)—In two proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the natural parents of two children upon the ground that the children are permanently neglected, the mother appeals, as limited by her brief, from so much of two dispositional orders (one as to each child) of the Family Court, Queens County (Thorpe, J.), both dated January 6, 1986, as, after a hearing, and upon a fact-finding decision of the same court dated June 26, 1985, made after a hearing, finding that the natural parents permanently neglected the children for a period of more than one year following the date upon which the children came into the petitioner's care, terminated the mother's parental rights with respect to the children and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

The children were voluntarily placed with the Commissioner of Social Services of the City of New York on April 8, 1982. The petitioner agency assigned the matter to caseworker Ray Unger on May 6, 1982. Unger thereafter offered advice to the natural parents with respect to certain matters preventing the immediate return of the children to them. In September 1983 the agency commenced the instant proceedings to terminate the parental rights of the natural parents and to authorize the placement of the children with their foster mother. The petitions were granted by orders dated January 6, 1986. The father does not appeal from the orders.

The mother contends that the finding of permanent neglect was not supported by sufficient evidence. We disagree. The testimony adduced at the fact-finding hearing demonstrates that despite the petitioner Brooklyn Home for Children's diligent efforts to strengthen the parental relationship, she failed to attend recommended counseling sessions to improve her relationship with the children's father and her parenting skills. She also did not fulfill her obligation to obtain adequate housing for the children, notwithstanding the agency's efforts on her behalf. These findings amply support the conclusion that the mother substantially and continuously failed to plan for the future of the children and therefore that her parental rights may be terminated (see, Social Services Law § 384-b [7] [a]). We therefore concur with Family Court in the finding of permanent neglect (see, Matter of Star Leslie W., 63 NY2d 136; Matter of Sheila G., 61 NY2d 368). We further note that the mother failed to keep the agency apprised of her location between November 14, 1982 and June 6, 1983 (Social Services Law § 384-b [7] [e] [i]). Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.