■ In the Matter of KATHLEEN B., an Infant. NICHOLAS DEL PIZZO, on Behalf of Child Protective Services, Respondent; SHIRLEY C. et al., Appellants.—In a proceeding pursuant to Social Services Law § 384-b (4) (c) and (d) to terminate the parental rights of the natural parents of a child and to award custody and guardianship to the Commissioner of Social Services of Rockland County, the parents separately appeal (1) from an order of the Family Court, Rockland County (Stanger, J.), dated August 1, 1986, which, after a fact-finding hearing, determined that the parents have permanently neglected the child and that the mother is presently and for the foreseeable future unable, owing to mental illness, to provide proper and adequate care for the child, and (2) from a dispositional order of the same court, dated January 20, 1987, which, after a hearing, granted the petition and committed the guardianship and custody of the child to the Commissioner for the purpose of seeking adoptive parents.

Ordered that the appeal from the order dated August 1, 1986 is dismissed, without costs or disbursements, as that order was superseded by the order dated January 20, 1987, and, in any event, is not appealable as of right, and it is further,

Ordered that the order dated January 20, 1987 is affirmed, without costs or disbursements.

The petitioning agency has met its burden of proving by clear and convincing evidence that, despite its diligent efforts to strengthen the parental relationship, the parents failed to plan for the future of their child (see, Matter of Sheila G., 61 NY2d 368; Social Services Law § 384-b [7] [a]). Termination of their parental rights on the ground of permanent neglect was therefore proper (Social Services Law § 384-b [4] [d]).

The child, now 11 years old, has been in the continuous custody of the Department of Social Services since she was less than two months old. The evidence at the fact-finding hearing established that the parents failed to attend recommended counseling sessions to address the problems which

prevented the return of the child to them, namely, the mother's history of mental illness and lack of parenting skills and the father's alcoholism. In addition, the parents failed to obtain suitable housing despite efforts on their behalf. By failing to take advantage of the services and resources available to them, the parents did not meet their obligation to plan for the child (see, e.g., Matter of June Y., 128 AD2d 538; Matter of Ann Marie D., 127 AD2d 764).

We decline to reach the contention advanced by the petitioner that the father's alcoholism could be considered a mental illness for the purpose of termination of parental rights (Social Services Law § 384-b [6] [a]) since the hearing court did not specifically address this issue in its decision and we have sustained the termination of his parental rights on the alternate ground of permanent neglect. Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.