■ In the Matter of GREGORY MICHAEL M. CATHOLIC GUARDIAN SOCIETY OF THE DIOCESE OF BROOKLYN, INC., Respondent; ANN M. Y., Appellant. (Proceeding No. 1.) In the Matter of KATHLEEN ANN Y. CATHOLIC GUARDIAN SOCIETY OF THE DIOCESE OF BROOKLYN, INC., Respondent; ANN M. Y., Appellant. (Proceeding No. 2.) In the Matter of JENNIFER ROSE Y. CATHOLIC GUARDIAN SOCIETY OF THE DIOCESE OF BROOKLYN, INC., Respondent; ANN M. Y., Appellant. (Proceeding No.

3.) In the Matter of KEVIN CHARLES Y. CATHOLIC GUARDIAN SOCIETY OF THE DIOCESE OF BROOKLYN, INC., Respondent; ANN M. Y., Appellant. (Proceeding No. 4.)—In four proceedings pursuant to Social Services Law § 384-b, *inter alia,* to permanently terminate the parental rights of the mother of four children, the mother appeals, as limited by her brief, from so much of four dispositional orders of the Family Court, Kings County (Greenbaum, J.), all dated November 26, 1985, as, after a fact-finding hearing, granted the respective petitions on the ground of the mother's permanent neglect and committed the four children to the joint guardianship and custody of the Catholic Guardian Society of the Diocese of Brooklyn, Inc., and the Commissioner of Social Services of the City of New York.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

On January 29, 1974, December 2, 1975, April 5, 1977, and September 27, 1978, respectively, the mother gave birth to Gregory Michael M., Kevin Charles Y., Kathleen Ann Y., and Jennifer Rose Y. (hereinafter the children), the subjects of these proceedings. The children were placed with the respondent Catholic Guardian Society of the Diocese of Brooklyn, Inc. (hereinafter CGS) on June 2, 1980.

We find that the petitioning agency met its burden of proving by clear and convincing evidence that, despite its diligent efforts to strengthen the parental relationship, the mother failed to plan for the future of her children.

The evidence adduced at the fact-finding hearing established that the mother repeatedly refused to allow her husband, who would be living with the children in the event that they were discharged, to participate in a conference where a plan for the children's future could be formulated, and that her position constituted a major barrier to the discharge of the children. The mother canceled three appointments for a planning conference with a caseworker before appearing on the fourth scheduled date without her husband and failed to appear at a foster care review hearing despite being advised twice by a caseworker that her failure to do so would jeopardize the discharge of her children. The mother, who refused "preventative services" to provide support for the children after their discharge, also failed to adhere to a consistent visitation schedule. By failing to take advantage of the services and resources available to her and by repeatedly disregarding the advice of CGS, the mother did not meet her obligation to plan

for the future of the children *(see,* Social Services Law § 384-b [4] [d]; *Matter of Sheila G.,* 61 NY2d 368; *Matter of Kathleen B.,* 144 AD2d 357). Sullivan, J. P., Harwood, Miller and O'Brien, JJ., concur.