■ In the Matter of NASSAU COUNTY DEPARTMENT OF SO-CIAL SERVICES, on Behalf of JAMES M., Appellant, v DIANA T., Respondent. [615 NYS2d 721] —In a proceeding pursuant to Social Services Law § 384-b to adjudicate James M., to be a permanently neglected child and to terminate the mother's parental rights, the Nassau County Department of Social Services appeals from an order of the Family Court, Nassau County (Medowar, J.), entered August 6, 1992, which, after a fact-finding hearing, dismissed the petition, without prejudice to renewal.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition to adjudicate James M. to be a

permanently neglected child is granted, and the matter is remitted to the Family Court, Nassau County, for a dispositional hearing in accordance herewith.

The appellant contends that the fact-finding hearing amply supports a finding of permanent neglect, that it made diligent attempts to strengthen the parent-child relationship, and that, despite its encouragement, the mother, who is the respondent on this appeal, failed to maintain continuous contact with her son on a regular basis and has failed to plan for the future of the child. We agree.

The child in question is mentally retarded and suffers from cerebral palsy and ataxia. A neglect finding was entered against the mother, and the child was placed in the custody of the father. Several months later, the child suffered a broken leg while under the care and supervision of the father's friend, and he was then placed in foster care on June 21, 1985. Since that time, due to his multiple handicaps, the child has been placed into six different foster homes.

A "permanently neglected child" is defined as one "who is in the care of an authorized agency and whose parent * * * has failed for a period of more than one year * * * substantially and continuously or repeatedly to maintain contact with or plan for the future of the child * * * notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]). It has been said that "[i]n a proceeding to terminate parental rights based on permanent neglect, the threshold consideration is whether the agency has discharged its statutory obligation to exercise diligent efforts to encourage and strengthen the parental relationship" (Matter of Tammy B., 185 AD2d 881, 882; see also, Matter of Gregory B., 74 NY2d 77).

Moreover, when the child care agency has custody of the child and brings the proceeding to terminate parental rights, it has the burden of establishing its "diligent efforts" by clear and convincing evidence (see, Matter of Devon C., 186 AD2d 738; Matter of Star Leslie W., 63 NY2d 136, 140; Matter of Sheila G., 61 NY2d 368). "An agency which has tried diligently to reunite a mother with her child but which is confronted by an uncooperative or indifferent parent is deemed to have fulfilled its duty (see Matter of Sheila G., 61 NY2d 368, 385 * * *)" (Matter of Star Leslie W., supra, at 144; see also, Matter of Ray A. M., 37 NY2d 619; Matter of Kathleen B., 144 AD2d 357; Matter of Christina Jeanette C., 168 AD2d 351; Matter of Shaquanna C., 184 AD2d 509).

Here, the agency established by clear and convincing evi-

dence that it met its statutory obligation to exercise diligent efforts to encourage and strengthen the parental relationship (Social Services Law § 384-b [7] [a]). The agency's efforts failed because of the mother's refusal to cooperate. She had no contact with her child for several years after he entered foster care. Thereafter, visitation was minimal and sporadic. The agency referred the respondent to several counseling and parenting skills programs that she failed to complete, and arranged visitation that the respondent failed to attend. Moreover, the testimony established that the foster parents had formed a strong bond with the child, and the respondent conceded that she was unable to care for the child.

We conclude the petitioner satisfied its burden of proving permanent neglect in that the respondent has permanently neglected her child by failing to maintain contact with him and to plan for his future despite the diligent efforts by the agency to encourage and reunite them (see, Social Services Law § 384-b; *Matter of Star Leslie W.,* 63 NY2d 136, *supra; Matter of Jamie M.,* 63 NY2d 388).

Upon the finding of permanent neglect, the matter must be remitted to the Family Court, Nassau County, for the dispositional hearing, to be conducted as expeditiously as possible, to determine the best interests of the child (see, Family Ct Act §§ 623, 625 [a]; § 631; *Matter of Star Leslie W., supra).* Mangano, P. J., Bracken, Pizzuto and Hart, JJ., concur.