■ In the Matter of KIMBERLY J., an Infant. CHRISTOPHER J. et al., Respondents-Appellants; ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant-Respondent. [629 NYS2d 142] —Order unanimously modified on the law and facts and as

modified affirmed without costs in accordance with the following Memorandum: Family Court properly granted the amended petitions in docket Nos. B-2-92 (R) and B-4-92 (R) that sought termination of parental rights based on clear and convincing evidence that respondent father, by reason of mental illness, and respondent mother, by reason of mental retardation, are presently and in the foreseeable future unable to provide adequate care for their child *(see,* Social Services Law § 384-b [4] [c]; *see, e.g., Matter of Joseph R.,* 191 AD2d 1034; *Matter of Norma Jean H.,* 179 AD2d 759, *lv denied* 79 NY2d 758; *Matter of Karen Y.,* 156 AD2d 823, 824-825, *lv denied* 75 NY2d 710). The court did not err in relying on the opinion of the court-appointed psychiatrist, rather than the opinion of respondents' expert witness, in reaching that determination *(see generally, Matter of Denise Emily K.,* 154 AD2d 596, 598, *lv denied* 75 NY2d 707; *Matter of Camille M.,* 143 AD2d 755).

We conclude, however, that the court erred in dismissing the amended petitions in docket Nos. B-1-92 (R) and B-3-92 (R) that sought termination of respondents' parental rights on the alternative ground that respondents failed to plan for the future of their child (Social Services Law § 384-b [7] [a]). In dismissing those amended petitions, the court erroneously found that petitioner failed to make diligent efforts to encourage and strengthen the parental relationship *(see,* Social Services Law § 384-b [7] [a]). Petitioner established by clear and convincing proof that it consulted and cooperated with the parents in developing a service plan, provided services to respondents to help them resolve their parenting problems, made visitation arrangements for respondents and their child, and kept respondents informed of their child's progress, development and health *(see,* Social Services Law § 384-b [7] [f]; *Matter of Nassau County Dept. of Social Servs. [James M.] v Diana T.,* 207 AD2d 399, 400-401; *Matter of Devon C.,* 186 AD2d 738, 739; *Matter of O. Children,* 128 AD2d 460, 463-465). Furthermore, "an agency that has embarked on a diligent course but faces an utterly un-co-operative or indifferent parent should nevertheless be deemed to have fulfilled its duty" *(Matter of Sheila G.,* 61 NY2d 368, 385). Here, the reasonable efforts of petitioner to foster the parent-child relationship were thwarted by the lack of cooperation and, at times, the hostility of respondents *(see, e.g., Matter of Nassau County Dept. of Social Servs. [James M.] v Diana T., supra; Matter of O. Children, supra; Matter of Star Leslie W.,* 63 NY2d 136, 142-144).

We also conclude that petitioner met its burden of establishing by clear and convincing proof that, despite its diligent ef-

forts, respondents did not plan for the future of their child *(see, e.g., Matter of Kathleen B.,* 144 AD2d 357, 358; *Matter of June Y.,* 128 AD2d 538, 539; *Matter of Ann Marie D.,* 127 AD2d 764, 765). The record shows that respondents failed to take advantage of the services and resources made available to them and failed to address the lack of parenting skills that resulted in their child's removal.

In view of our determination to affirm that part of the order that terminated respondents' rights based on mental illness and mental retardation, we need not remit this matter to Family Court for further proceedings on the amended petitions in docket Nos. B-1-92 (R) and B-3-92 (R). (Appeals from Order of Oneida County Family Court, Morgan, J.—Terminate Parental Rights.) Present—Pine, J. P., Lawton, Callahan, Davis and Boehm, JJ.