■ In the Matter of COMMISSIONER OF SOCIAL SERVICES et al., Respondents, v DEBRA S., Appellant, et al., Respondents. [660 NYS2d 52] —In a proceeding pursuant to Social Services Law § 384-b to adjudicate Krystal S. to be a permanently neglected child and to terminate the mother's parental rights, the mother appeals from an order of disposition of the Family Court, Kings County (Hepner, J.), dated August 18, 1994, which, after a fact-finding hearing and a dispositional hearing, *inter alia,* granted the petition to terminate the appellant's parental rights and authorized the Commissioner of Social Services and St. Joseph's Services for Children and Families to proceed with the adoption of Krystal S.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The threshold question in a parental termination case is whether the agency that has custody of the child has exercised diligent efforts to strengthen the parent-child relationship to reunite the family *(see,* Social Services Law § 384-b [7] [a]; *Matter of Sheila G.,* 61 NY2d 368, 384). An agency, however, is excused from exerting diligent efforts when, as here, the parent fails for a period of six months or more to inform the agency

of her whereabouts *(see,* Social Services Law § 384-b [7] [e] [i]; *Matter of Katina Valencia H.,* 119 AD2d 821; *Matter of Melanie Ruth JJ,* 76 AD2d 1008, 1009).

In any event, the agency proved that it identified the impediments to the mother gaining custody of the child and formulated a plan which required her to make regular visits with the child, to complete a drug rehabilitation program, and to obtain adequate housing. To that end, the agency set up monthly visits for the mother, assisted her in completing an application for the New York Housing Authority, and twice referred her to drug treatment programs. The agency's efforts failed because of the mother's continued drug use, her sporadic contact with the agency, and her generally uncooperative and indifferent attitude *(see, Matter of Sheila G., supra; Matter of Nassau County Dept. of Social Servs. [James M.] v Diana T.,* 207 AD2d 399, 400).

Moreover, in a period of over one and one-half years, excluding four months that the mother was hospitalized *(see,* Social Services Law § 384-b [7] [d] [ii]), the mother made only two out of at least ten scheduled visits, and the visits cannot be considered of such character as to constitute a substantial contact *(see,* Social Services Law § 384-b [7] [b]; *Matter of Marcel F.,* 212 AD2d 705). Additionally, the mother submitted no evidence to support her claim that she completed a drug rehabilitation program. Rather, there was evidence to the contrary. Finally, at the time of the hearings, the mother made no viable plan for the child's future in the event that the child was returned to her *(see, Matter of Orlando F.,* 40 NY2d 103; *Matter of Melanie Ruth JJ, supra).*

The child has strongly bonded with the foster mother, with whom she has lived almost since birth, and we agree with the Family Court's order of disposition freeing her for adoption by the foster mother *(see, Matter of Katina Valencia H., supra).* Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.