# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1288**
**CAF 11-01338**
PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF KAYLENE S. AND NADIA M.-S.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,                MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

BRAUNA S., RESPONDENT-APPELLANT.

---

WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC. (CHARLES D. HALVORSEN OF COUNSEL), FOR KAYLENE S. AND
NADIA M.-S.

---

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered May 16, 2011 in proceedings pursuant to Social Services Law § 384-b and Family Court Act article 10. The order, among other things, terminated respondent's parental rights over Kaylene S. on the ground of mental illness, and adjudged that respondent had derivatively neglected Nadia M.-S.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order terminating her parental rights on the ground of mental illness with respect to one of her older children and entering a finding of derivative neglect with respect to her youngest child. The mother contends that petitioner failed to lay a proper foundation for the testimony of its expert witnesses. That contention is unpreserved for our review (*see generally Matter of Brayanna G.*, 66 AD3d 1375, 1375, *lv denied* 13 NY3d 714; *Wall v Shepard*, 53 AD3d 1050, 1050). In any event, it lacks merit inasmuch as an adequate foundation was laid for the testimony (*see generally Matter of Devonte M.T. [Leroy T.]*, 79 AD3d 1818, 1818). We agree with Family Court that petitioner met its burden of demonstrating by clear and convincing evidence that the mother is presently and for the foreseeable future unable to provide proper and adequate care for the older child at issue by reason of mental illness (*see* Social Services Law § 384-b [4] [c]; [6] [a]; *see e.g. Matter of Demariah A. [Rebecca B.]*, 71 AD3d 1469, 1469, *lv denied* 15 NY3d 701). Contrary to the mother's contention, the court did not err in allowing a psychologist to testify based on an evaluation that he conducted several years earlier in connection with a matter involving one of the

mother's other children (*see Matter of Aubrey A. [Rebecca B.]*, 96 AD3d 1459, 1459; *Matter of Robert K.*, 56 AD3d 353, 353, *lv denied* 12 NY3d 704; *see generally Matter of Dominique M.*, 62 AD3d 503, 503). The psychologist's testimony was detailed and supported his opinion that it was unlikely that the mother's condition would improve over time. That testimony was substantiated by the testimony of a second expert who had interviewed the mother in connection with the instant petitions and opined that, due to her mental illness, she was unable to parent the child for the present and foreseeable future. Contrary to the mother's further contention, the court was free to accept the testimony of petitioner's experts over that of her expert (*see generally Matter of Kimberly J.*, 216 AD2d 940, 941, *lv denied* 87 NY2d 801).

The court did not err in entering a finding of derivative neglect with respect to the mother's youngest child. The credible evidence supports a finding that the mother's untreated and ongoing mental illness resulted in an inability to care for her youngest child in the foreseeable future (*see Matter of Henry W.*, 30 AD3d 695, 696; *see also Matter of Sophia M.G.-K. [Tracy G.-K.]*, 84 AD3d 1746, 1746-1747). Indeed, the record reflects that the mother "demonstrated a fundamental defect in [her] understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental and emotional well-being of [that child]" (*Matter of Derrick C.*, 52 AD3d 1325, 1326, *lv denied* 11 NY3d 705 [internal quotation marks omitted]; *see Matter of Cory S. [Terry W.]*, 70 AD3d 1321, 1322).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court