# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1375**
**CAF 11-02266**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF EMERALD L.C.
-----------------------------------------
CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL               MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

DAVID C., JR., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

PATRICIA M. MCGRATH, LOCKPORT, FOR RESPONDENT-APPELLANT.

BARBARA L. WIDRIG, MAYVILLE, FOR PETITIONER-RESPONDENT.

ROBERT W. SCHNIZLER, ATTORNEY FOR THE CHILD, JAMESTOWN, FOR EMERALD L.C.

---

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered October 20, 2011 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that respondent David C., Jr. permanently neglected the subject child, Emerald L.C. and transferred custody and guardianship of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced these proceedings pursuant to Social Services Law § 384-b seeking to terminate the parental rights of respondent father with respect to five of his children based on permanent neglect. In these consolidated appeals, the father appeals from orders that terminated his parental rights with respect to those children. We note at the outset that the father's contention that Family Court failed to make the requisite finding that petitioner exercised diligent efforts to reunite him with the subject children is belied by the record.

The father further contends that petitioner failed to exercise diligent efforts to reunite him with the subject children. Although the father raises that contention for the first time on appeal and thus failed to preserve it for our review (*see generally Matter of Christian A.*, 6 AD3d 1177, 1177-1178, *lv denied* 3 NY3d 604), we nevertheless address it because "proof by the child-care agency that it has satisfied its statutory obligation is a threshold consideration and a necessary prerequisite to any determination of permanent neglect" (*Matter of Sheila G.*, 61 NY2d 368, 385-386). We conclude,

however, that the father's contention lacks merit.  The court properly concluded that there was copious evidence that petitioner exercised diligent efforts to reunite the family, but the father "refused to acknowledge and treat the underlying sexual abuse problem that led to the child[ren]'s placement in foster care" (*Matter of Gloria Melanie S.*, 47 AD3d 438, 438).  "Clearly, petitioner was not required to forego requiring [the father's] participation in a sex offender program or to formulate an alternative plan to accommodate his refusal to admit his role in the abuse" (*Matter of James X.*, 37 AD3d 1003, 1006).

Finally, inasmuch as the father did not request a suspended judgment, he failed to preserve for our review his further contention that the court should have granted that relief (*see Matter of Atreyu G. [Jana M.]*, 91 AD3d 1342, 1343, *lv denied* 19 NY3d 801).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court