In the Matter of BREANNA M.G. LITTLE FLOWER CHILDREN AND FAMILY SERVICES et al., Respondents; REBECCA H., Also Known as REBECCA P., Appellant, et al., Respondent. [979 NYS2d 677]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Richmond County (Wolff, J.), dated May 23, 2013, as, upon an order of the same court dated December 26, 2012, made after

fact-finding and dispositional hearings, determined that she permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the subject child to the Commissioner of the Administration for Children's Services of New York City and Little Flower Children and Family Services for the purpose of adoption. The appeal from the order of fact-finding and disposition brings up for review the order dated December 26, 2012.

Ordered that on the Court's own motion, the notice of appeal from the order dated December 26, 2012, is deemed a premature notice of appeal from the order of fact-finding and disposition (*see* CPLR 5520 [c]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly determined that there was clear and convincing evidence that the mother permanently neglected the subject child by failing, for a year following the child's entrance into foster care, to plan for her return (*see Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d 876 [2011]; *Matter of Kendra D. [Amanda D.]*, 81 AD3d 644 [2011]; *Matter of Wesley F.*, 190 AD2d 576 [1993]; *Matter of Gregory Michael M.*, 167 AD2d 469, 470-471 [1990]; *Matter of June Y.*, 128 AD2d 538 [1987]). The record establishes that the petitioner Little Flower Children and Family Services made diligent efforts to help the mother comply with her service plan, which required the mother to complete a drug treatment program, complete parenting skills training, complete individual counseling, complete domestic violence training, and maintain regular visits with the child. Further, at the time of the filing of the petition, the mother still had not completed parenting skills training or a drug treatment program, and had not maintained regular visitation with the child. Moreover, the Family Court properly determined that termination of the mother's parental rights was in the child's best interests (*see Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d 876 [2011]; *Matter of Kendra D. [Amanda D.]*, 81 AD3d at 644; *Matter of Shawna DD.*, 289 AD2d 892, 894 [2001]; *Matter of Kenneth A.*, 206 AD2d 602, 604 [1994]). Skelos, J.P., Dickerson, Chambers and Miller, JJ., concur.