■ In the Matter of TRAVIS G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARMEN M., Appellant. [986 NYS2d 569]—

In a proceeding pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated January 24, 2013, which, upon a decision of the same court, made after fact-finding and dispositional hearings, determined that she permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the subject child to the Suffolk County Department of Social Services for the purpose of adoption. The notice of appeal from the decision is deemed to be a notice of appeal from the order of fact-finding and disposition (*see* CPLR 5512 [a]).

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Family Court properly determined that there was clear and convincing evidence that the mother permanently neglected the subject child by failing, for one year following the child's placement into foster care, to plan for his return (*see Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d 876 [2011]; *Matter of*

*Kendra D. [Amanda D.]*, 81 AD3d 644 [2011]; *Matter of Wesley F.*, 190 AD2d 576 [1993]; *Matter of Gregory Michael M.*, 167 AD2d 469, 470-471 [1990]; *Matter of June Y.*, 128 AD2d 538 [1987]). The record establishes that the petitioner made diligent efforts to help the mother comply with her service plan, which required her to submit to a mental health evaluation, to complete psychotherapy, to complete a parenting skills training program, and to maintain regular visits with the child. At the time the instant petition was filed, the mother still had not completed psychotherapy and had not maintained regular visitation with the child. The court properly determined that termination of the mother's parental rights was in the child's best interest (*see Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d 876 [2011]; *Matter of Kendra D. [Amanda D.]*, 81 AD3d at 644; *Matter of Shawna DD.*, 289 AD2d 892, 894 [2001]; *Matter of Kenneth A.*, 206 AD2d 602, 604 [1994]).

Contrary to the mother's contention, she was afforded the effective assistance of counsel in the Family Court (*see Matter of Darrell W. [Tenika C.]*, 110 AD3d 1088 [2013]; *Matter of Dylan Mc. [Michelle M. Mc.]*, 105 AD3d 1049 [2013]; *Matter of Christiana C. [Carleton C.]*, 86 AD3d 606 [2011]). Dillon, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.