■ In the Matter of JEREMY J.M. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRANDY T., Appellant. (Proceeding No. 1.) In the Matter of VIRGINIA S.M. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRANDY T., Appellant. (Proceeding No. 2.) In the Matter of JEREMY J.M. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ARTHUR M., Appellant. (Proceeding No. 3.) In the Matter of VIRGINIA S.M. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ARTHUR M., Appellant. (Proceeding No. 4.) [987 NYS2d 211]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the mother to her two children on the ground of permanent neglect, and two related proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the father to the same children on the ground of permanent neglect, the mother appeals from two orders of fact-finding and disposition of the Family Court, Westchester County (Colangelo, J.) (one as to each child), both entered November 28, 2012, and the father separately appeals from two orders of fact-finding and disposition of the same court (one as to each child), both also entered November 28, 2012, which, after fact-finding and dispositional hearings, respectively found that they permanently neglected the subject children and that termination of their parental rights was in the best interests of the subject children, terminated their parental rights, and transferred custody and guardianship of the children to the Westchester County Department of Social Services for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

Contrary to the contentions of the mother and the father, the Family Court properly determined that there was clear and convincing evidence that the mother and the father each permanently neglected the subject children, who had been in foster care for seven years, by failing to plan for their return (*see Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d 876, 876 [2011]; *Matter of Kendra D. [Amanda D.]*, 81 AD3d 644 [2011]; *Matter of Gregory Michael M.*, 167 AD2d 469, 470-471 [1990]).

The record established that the petitioner made diligent efforts to help each parent comply with his or her respective plan for reunification with the subject children. With respect to the mother, despite individual therapy, parenting classes that included lessons in the appropriate methods of discipline, and regular visits, the mother still had not mastered the skills taught in the parenting skills classes, and had difficulty appropriately interacting with the subject children and properly disciplining them (*see Matter of Todd Andre'D. [Kenyetta L.]*, 88 AD3d at 876).

The mother's contention that the petitioner failed to tailor its diligent efforts to address her mental disability is not preserved for appellate review (*see Matter of Emerald L.C. [David C.]*, 101 AD3d 1679, 1680 [2012]; *Matter of Irene C. [Reina M.]*, 68 AD3d 416 [2009]) and, in any event, is without merit. The petitioner

facilitated supervised visits between the mother and the subject children in a home-like setting in which the supervisor provided feedback to the mother with respect to her interaction with the children and made recommendations as to proper parenting. The petitioner also ensured that the mother completed additional parenting classes.

With respect to the father, the petitioner established that it also made diligent efforts to help him comply with his service plan for reunification with the subject children (*see Matter of Emerald L.C. [David C.]*, 101 AD3d at 1680; *Matter of Irene C. [Reina M.]*, 68 AD3d at 416). Pursuant to that plan, the father was required, inter alia, to complete group therapy and parenting classes, and to attend sex offender treatment sessions. Moreover, the same caseworker who supervised the visits for the mother also supervised the father's visits, and her background included the study of pedophilia and cognitive processes in abnormal psychology. Despite these services, the father had not completed group therapy at the time the petition was filed, and still demonstrated inappropriate sexual proclivities that put the children at risk.

The father's contention that the petitioner failed to tailor its parenting class requirements to address his "developmental disabilities" is not preserved for appellate review (*see Matter of Emerald L.C. [David C.]*, 101 AD3d at 1680; *Matter of Irene C. [Reina M.]*, 68 AD3d at 416). In any event, the contention is without merit, because the petitioner did not dispute that the father successfully completed the required parenting class, and did not raise any issues in connection with parenting classes as grounds for relief.

Finally, the petitioner also established that the termination of the parental rights of each parent and the freeing of the children for adoption was in the best interests of the subject children (*see* Family Ct Act § 631; *Matter of Precious D.A. [Tasha A.]*, 110 AD3d 789, 790 [2013]). Balkin, J.P., Chambers, Cohen and Duffy, JJ., concur.