OPINION OF THE COURT
Bryan Hedges, J.
Ordered, that the instant petition be transferred to the Chief Clerk for reassignment to Part V of the Onondaga County Family Court in order to comply with section 384-b (3) (c) of the Social Services Law.
*677 The above-captioned matter comes before this court on a petition to terminate the parental rights of the respondent, filed June 15, 1994. A neglect petition was previously filed (Onondaga County Fam Ct docket No. N-567/568-91) under which the subject children were adjudicated to be neglected and were placed with the Department of Social Services (hereinafter DSS) pursuant to an order of fact finding and disposition, dated February 13 and March 23, 1992. (Buck, J.) Said order specified terms and conditions of supervision by which respondent was to abide while under the supervision of the DSS for the period between March 23, 1992 and March 23, 1993.
Thereafter, two petitions for extension of placement and supervision were heard whereby each resulted in extensions of placement and supervision by stipulation of the parties. The first extension petition was heard before Part V; the latter in this Part, Part IV. (Buck, J., order entered June 16, 1993; Hedges, J., order entered Apr. 5, 1994.)
It appears that when the instant termination of parental rights (hereinafter TPR) petition was filed by DSS, the Family Court Processing Unit looked to which Judge last heard the "proceeding” under the literal language of section 384-b (3) (c) of the Social Services Law. Consequently, since this court heard the most recent extension petition in April of 1994, the matter was assigned to this Part.
The current petition seeks to terminate the respondent’s parental rights based upon respondent’s failure to maintain contact with or plan for the future of said children during the above-mentioned one-year period: March 23, 1992 through March 23, 1993.
Counsel for respondent moved the court to transfer the case to Part V pursuant to Social Services Law § 384-b (3) (c), arguing that the terms and conditions of supervision for which respondent is now alleged to have failed to comply were ordered and directed by Judge Buck on disposition of the original neglect petition. The Law Guardian and Deputy County Attorney joined in said motion.
The Legislature amended Social Services Law § 384-b (3) (c) (eff Sept. 30, 1991) to read in pertinent part that "a proceeding under this section shall be originated in the family court in the county in which the proceeding pursuant to article ten of the family court act was last heard and shall be assigned, wherever practicable, to the judge who last heard such pro *678 ceeding.” This appears to be a case of first impression since the court has not found any applicable case law which previously reviewed Social Services Law § 384-b (3) (c) to interpret the legislative intent with respect to the assignment of a case to a particular Judge.
According to the 1992 Practice Commentaries to Social Services Law § 384-b (3) (c) by Joseph R. Carrieri (McKinney’s Cons Laws of NY, Book 52A, Social Services Law § 384-b, at 564-566) the TPR proceeding should be heard before the same Judge who heard the abuse or neglect proceeding, presumably because this Judge will know the facts of the case and be familiar with its own orders and directions. Mr. Carrieri concludes that this method of assigning the TPR to the same Judge will lead to consistency in decision-making and to fairness to the respondent, and ultimately inure to the benefit of the child. (See, ibid.) It appears to the court that Mr. Carrieri’s interpretation would serve to alleviate the problem of one Judge being put into a position of second-guessing what was intended by the original Judge.
The instant TPR petition focuses on the time period under which Judge Buck placed the respondent under DSS supervision from March 23, 1992 to March 23, 1993, and alleges a "failure to plan” by respondent under that order. Judge Buck also presided over that original neglect proceeding. This court’s interpretation of the statute is that the TPR proceeding should be heard by the same Judge who presided over the original neglect or abuse proceeding and who issued the dispositional order in effect during the time period which is the focus of the TPR proceeding.
Based upon the Practice Commentaries cited and the statutory language, this interpretation seems to be what the Legislature intended, and it will ultimately lead to consistent decision-making and fairness to the parties. Accordingly, the motion is granted.