■ In the Matter of LATASHA W., a Child Alleged to be Permanently Neglected. MARGARET W., Appellant; ANGEL GUARDIAN CHILDREN AND FAMILY SERVICES et al., Respondents. [701 NYS2d 418] —Order, Family Court, Bronx County (Rita Bolstad, J.), entered August 2, 1996, which, upon a finding of permanent neglect, terminated respondent mother's parental rights, and transferred guardianship of the subject child to petitioner agency and to the Commissioner of Social Services, unanimously affirmed, without costs.

The record establishes that petitioner agency made reason-

able efforts to fulfill its statutory duty to strengthen the parental relationship, which were thwarted by respondent mother's indifference and lack of cooperation (*see, Matter of Sheila G.*, 61 NY2d 368, 385; *see also, Matter of Star Leslie W.*, 63 NY2d 136, 144). The evidence supports the court's finding that respondent failed or refused to cooperate with the agency's efforts to schedule planning sessions with her and attend home visits, that she was not consistent with her scheduled visitations with the child, and that she did not provide any plausible reasons why she was unable to appear on the scheduled dates. We see no reason to disturb the court's determination that respondent's testimony as to her whereabouts was incredible (*see, Matter of Quartisha McF.*, 247 AD2d 220). Under these circumstances, the agency's efforts to assist respondent in overcoming the problems that prevented her from being reunited with the subject child were properly found to be sufficient (Social Services Law § 384-b [7] [a]). There was also clear and convincing evidence that respondent mother failed "substantially and continuously or repeatedly to maintain contact with or plan for the future of the child" (*ibid.*). Family Court was not obligated to render a suspended judgment on the basis of respondent's alleged efforts at self-improvement, because there was no evidence that respondent had a realistic and feasible plan to provide an adequate and stable home for the subject child, and because respondent lacked insight into her need for continued treatment as reported by her psychiatric counselors. Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.