◼ In the Matter of RAYCHAEL L.W. CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANN W. and

WESLEY W., Appellants. (Appeal No. 2.) [747 NYS2d 656] —Appeals from an order of Family Court, Chautauqua County (Claire, J.), entered December 17, 2001, which adjudged that Raychael L.W. is a permanently neglected child, transferred the guardianship and custody of the child to petitioner and authorized petitioner to consent to the adoption of the child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondents appeal from an order terminating their parental rights with respect to their daughter Raychael L.W. on the ground of permanent neglect, transferring the guardianship and custody of the child to petitioner, and freeing her for adoption. Contrary to the contention of respondent Ann W., the record establishes by clear and convincing evidence that petitioner made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]; *Matter of Hannah D.,* 292 AD2d 867; *Matter of Christina W.,* 273 AD2d 918). Further, contrary to the contention of respondent Wesley W., the record establishes by clear and convincing evidence that, for a period of more than one year following the date the child came into petitioner's care, respondents failed substantially and continuously or repeatedly to maintain contact with or plan for the future of the child although physically and financially able to do so (*see Matter of Ashley M.* [appeal No. 1], 278 AD2d 892, *lv denied* 96 NY2d 710; *Matter of Christina W.,* 273 AD2d 918). In addition, we conclude that Wesley W. has failed to preserve for our review his contention that Family Court erred in receiving in evidence the entire case file of petitioner on the ground that it contained inadmissible hearsay (*see Matter of Shane MM. v Family & Children Servs.,* 280 AD2d 699, 701; *Matter of Juanita Katerina M.,* 205 AD2d 474; *see also Matter of Kevin PP.,* 154 AD2d 739, 741; *see generally Matter of Leon RR,* 48 NY2d 117, 122-123). In any event, we conclude that fundamental fairness is not violated by the admission in evidence of an entire case file where the opposing attorney has had the opportunity to review the case file before its admission in evidence (*see Matter of R. Children,* 264 AD2d 423, 424; *Matter of Rosemary D.,* 78 AD2d 889, *lv denied* 52 NY2d 703; *Matter of Melanie Ruth JJ.,* 76 AD2d 1008, 1009, *lv denied* 51 NY2d 710). Present—Pigott, Jr., P.J., Green, Hayes, Kehoe and Gorski, JJ.