■ In the Matter of CHARLES B., V, and Another, Infants. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARLES B., III, Appellant, et al., Respondent. [848 NYS2d 470]—

Appeal from an order of the Family Court, Onondaga County (Martha Walsh Hood, J.), entered December 13, 2006 in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, terminated the parental rights of respondent Charles B., III based on a finding of permanent neglect and freed the subject children for adoption.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights based on a finding of permanent neglect and freeing the subject children for adoption. We reject the father's contention that petitioner failed to establish permanent neglect by the requisite clear and convincing evidence (*see generally* Social Services Law § 384-b [3] [g]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). The record establishes that the father chose to have no contact with his children for a period of almost five months and that his visitation was sporadic for a period of over seven months, for periods of time both before and after the five-month period. We thus conclude that petitioner established that, for a period of more than one year,

the father failed "substantially and continuously or repeatedly to maintain contact with or plan for the future of" his children (Social Services Law § 384-b [7] [a]; *see Matter of Raychael L.W.*, 298 AD2d 930 [2002], *lv denied* 99 NY2d 504 [2002]; *Matter of Latasha W.*, 268 AD2d 340, 341 [2000]). We further reject the contention of the father that Family Court abused its discretion in terminating his parental rights. The record "establishe[s] that the child[ren]'s best interests dictated [that they] be freed for adoption by [their] foster parent of four years" (*Matter of Aliya Cheray Love L.*, 39 AD3d 364, 365 [2007]). Finally, the father did not request a suspended judgment and thus failed to preserve for our review his alternative contention that the court should have entered a suspended judgment (*see Matter of Rosalinda R.*, 16 AD3d 1063, 1064 [2005], *lv denied* 5 NY3d 702 [2005]). Present—Scudder, P.J., Smith, Centra, Lunn and Peradotto, JJ.