■ In the Matter of BRAYANNA G. and Another, Infants. WYO-MING COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CRYSTAL G. et al., Appellants. [— NYS2d —]—

Appeals from an order of the Family Court, Wyoming County (Mark H. Dadd, J.), entered March 24, 2008 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondents.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent parents, the mother and respective fathers of the two children at issue, appeal from an order terminating their parental rights pursuant to Social Services Law § 384-b (4) (c) on the ground of mental retardation. We conclude that petitioner established by clear and convincing evidence, including the testimony of a psychologist, that the mother is "presently and for the foreseeable future unable, by reason of . . . mental retardation, to provide proper and adequate care for [her] child" (*id.*; *see* § 384-b [6] [b]; *Matter of Josh M.*, 61 AD3d 1366 [2009]), and that each father, for the same reason, is also unable to provide the requisite care for his child.

Respondent father Anthony J.G. contends that the psychologist's testimony lacked a proper foundation because it was based on evaluations conducted prior to the filing of the petition against him. Anthony J.G. failed to preserve that contention for our review inasmuch as he failed to object to the testimony on that ground (*see generally Wall v Shepard*, 53 AD3d 1050 [2008]). In any event, that contention is without merit. In view of the life-long nature of Anthony J.G.'s disabilities, we conclude that Family Court properly admitted the testimony of the psychologist concerning an evaluation conducted prior to the filing of the petition. We note in any event that the court ordered further psychological evaluations of all three respondents at their request, and that the testimony of the psychologist who performed those evaluations, which was presented by respondents, in fact substantiated the testimony of petitioner's psychologist.

Finally, respondents waived their contention that the petitions were improperly filed before the children had been in the care of an authorized agency for the period of one year (*see* Social Services Law § 384-b [4] [c]), inasmuch as they failed to raise that contention in Family Court and it does not implicate the court's subject matter jurisdiction (*see generally Matter of Renee XX. v John ZZ.*, 51 AD3d 1090 [2008]). Present—Martoche, J.P., Smith, Peradotto, Carni and Green, JJ.