In the Matter of MICHAEL C. and Another, Infants. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL C., Appellant. [920 NYS2d 502]—

Memorandum: Respondent father appeals from an order terminating his parental rights on the ground of permanent neglect and transferring guardianship and custody of the children to petitioner. The children were placed in foster care after the

father left them with a caregiver who was under the influence of drugs and alcohol. Contrary to the father's contention, petitioner established by clear and convincing evidence that the father permanently neglected the children inasmuch as he "failed substantially and continuously or repeatedly to maintain contact with or plan for the future of the child[ren] although . . . able to do so" (*Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *see Matter of Whytnei B. [Jeffrey B.]*, 77 AD3d 1340 [2010]).

We reject the father's further contention that Family Court abused its discretion in refusing to enter a suspended judgment following the dispositional hearing (*see Matter of Elijah D. [Allison D.]*, 74 AD3d 1846 [2010]; *Matter of Maryline A.*, 22 AD3d 227 [2005]). Although the father completed a 28-day inpatient substance abuse program, he subsequently failed drug tests and has been continuously noncompliant with court-ordered interventions. "[T]he record supports the court's determination that any progress made by the father 'was not sufficient to warrant any further prolongation of the child[ren's] unsettled familial status' " (*Matter of Tiara B. [Torrence B.]*, 70 AD3d 1307, 1308 [2010], *lv denied* 14 NY3d 709 [2010]).

In addition, we reject the father's contention that he received ineffective assistance of counsel. "It is axiomatic that, because the potential consequences are so drastic, the Family Court Act affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings" (*Elijah D.*, 74 AD3d at 1847 [internal quotation marks omitted]). A parent alleging ineffective assistance of counsel has the burden of demonstrating both that he or she was denied meaningful representation and that the deficient representation resulted in actual prejudice (*see Matter of James R.*, 238 AD2d 962 [1997]). Here, the father neither alleged nor demonstrated that he was actually prejudiced by any of counsel's shortcomings. His contention that counsel was ineffective "is impermissibly based on speculation, i.e., that favorable evidence could and should have been offered on his behalf" (*Matter of Devonte M.T. [Leroy T.]*, 79 AD3d 1818, 1819 [2010]). Present—Smith, J.P., Fahey, Carni, Lindley and Gorski, JJ.