■ In the Matter of JANE H., an Infant. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SUSAN H., Appellant. [924 NYS2d 885]—

Appeal from an order of the Family Court, Onondaga County (Bryan R. Hedges, J.), entered September 29, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights to the subject child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order terminating her parental rights with respect to the child at issue, respondent mother contends that Family Court abused its discretion in refusing to issue a suspended judgment. We reject that contention. The record supports the court's determination that a suspended judgment, i.e., "a brief grace period designed to prepare the parent to be reunited with the child" (*Matter of Michael B.*, 80 NY2d 299, 311 [1992]), was not in the child's best interests (*see Matter of Shadazia W.*, 52 AD3d 1330 [2008], *lv denied* 11 NY3d 706 [2008]; *Matter of Danielle N.*, 31 AD3d 1205 [2006]). "The court's assessment that [the mother] was not likely to change [her] behavior is entitled to great deference" (*Matter of Philip D.*, 266 AD2d 909 [1999]). The mother correctly concedes that she failed to request that the court consider post-termination contact and, in any event, we conclude that the mother failed to establish that such contact would be in the best interests of the child (*see Matter of Andrea E. [Valerie E.]*, 72 AD3d 1617 [2010], *lv denied* 15 NY3d 703 [2010]; *Matter of Christopher J.*, 60 AD3d 1402 [2009]). The child has resided with her foster family for almost her entire life, and the evidence established that there was no bond between the mother and the child. Present—Scudder, P.J., Centra, Peradotto, Gorski and Martoche, JJ.