# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**935**

**CAF 10-01355**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF SEAN W.
------------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,    MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

BRITTANY W., RESPONDENT-APPELLANT,
AND CHRISTOPHER R., RESPONDENT.
------------------------------------------------
VINCENT M. AND MICHELLE M.,
INTERVENORS-RESPONDENTS.

---

LINDA M. CAMPBELL, SYRACUSE (SHIRLEY GORMAN OF COUNSEL), FOR
RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (SARA J. LANGAN OF
COUNSEL), FOR PETITIONER-RESPONDENT.

PAUL L. CHAPMAN, ATTORNEY FOR THE CHILD, SYRACUSE, FOR SEAN W.

HANCOCK & ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
INTERVENORS-RESPONDENTS.

---

Appeal from an order of the Family Court, Onondaga County (Bryan R. Hedges, J.), entered May 25, 2010 in a proceeding pursuant to Social Services Law § 384-b.  The order, among other things, terminated the parental rights of respondent Brittany W.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from an order terminating her parental rights with respect to her son based on a finding of permanent neglect and freeing her son for adoption.  The mother failed to preserve for our review her contention that Family Court should have entered a suspended judgment (*see Matter of Andrea E.*, 72 AD3d 1617, 1617-1618, *lv denied* 15 NY3d 703; *Matter of Charles B.*, 46 AD3d 1430, 1431, *lv denied* 10 NY3d 705).  In any event, that contention lacks merit because " 'there was no evidence that [the mother] had a realistic, feasible plan to care for the child[ ]' " (*Matter of Nicolas B.*, 83 AD3d 1596, 1598, *lv denied* 17 NY3d 705), and the record establishes that the mother was not likely to change her behavior (*see Matter of Kyle S.*, 11 AD3d 935, 936).  Any " 'progress made by the [mother] in the [weeks] preceding the dispositional determination was not sufficient to warrant any further prolongation of the child['s]

unsettled familial status' " (*Matter of Kyle K.*, 72 AD3d 1592, 1593-1594, *lv denied* 15 NY3d 705).  In addition, the mother failed to preserve for our review her contention that the court should have provided for post-termination contact with the child, and we conclude in any event that she failed to establish that "such contact would be in the best interests of the child[ ]" (*Andrea E.*, 72 AD3d at 1618 [internal quotation marks omitted]).

        We reject the mother's further contention that she was denied effective assistance of counsel.  "There was no showing of ineffectiveness here, nor may ineffectiveness be inferred merely because the attorney counseled [the parent] to admit [to] the allegations in the petition" (*Matter of Nasir H.*, 251 AD2d 1010, 1010, *lv denied* 92 NY2d 809; *see Matter of Yusef P.*, 298 AD2d 968, 969; *Matter of Michael W.*, 266 AD2d 884, 884-885).  Further, a parent alleging ineffective assistance of counsel in a Family Court case "has the burden of demonstrating . . . that the deficient representation resulted in actual prejudice" (*Matter of Michael C.*, 82 AD3d 1651, 1651, *lv denied* 17 NY3d 704; *see Matter of Amanda T.*, 4 AD3d 846, 847), and the mother failed to meet that burden here with respect to her attorney's alleged failure to request a suspended judgment or post-termination contact.  Indeed, the evidence at the dispositional hearing established that neither a suspended judgment nor post-termination contact was in the child's best interests.

        The mother further contends that the court lacked jurisdiction over the instant termination proceeding because there was no compliance with Social Services Law § 384-b (3) (c-1), which applies where one Family Court Judge presided over a prior permanency hearing and a termination of parental rights petition involving the same child is assigned to a different Family Court Judge.  We reject that contention.  Social Services Law § 384-b (3) (d) and (4) (d) specifically grant Family Court jurisdiction over proceedings to terminate parental rights based upon permanent neglect and, contrary to the mother's contention, Social Services Law § 384-b (3) (c-1) does not concern subject matter jurisdiction (*see* Carrieri, Practice Commentaries, McKinney's Cons Laws of NY, Book 52A, Social Services Law § 384-b at 225).  Rather, that statute concerns venue, which may be waived if not raised, as was the case here (*see generally Matter of Brayanna G.*, 66 AD3d 1375, 1376, *lv denied* 13 NY3d 714).  Moreover, the provision in Social Services Law § 384-b (3) (c-1) that "[t]he petition [to terminate parental rights] shall be assigned, wherever practicable, to the judge who heard the most recent proceeding" expresses no more than a preference in the assignment of judges and does not constitute a mandate (*see generally Matter of Michael M.*, 162 Misc 2d 676, 677-678).  Such preference in the assignment of judges "[i]n no way . . . circumscribes the power of [Family C]ourt in the sense of competence to adjudicate causes [of action for termination of parental rights]," and therefore cannot be said to implicate the court's subject matter jurisdiction (*Lacks v Lacks*, 41 NY2d 71, 75-76, *rearg denied* 41 NY2d 862, 901; *see Brayanna G.*, 66 AD3d at 1376).

        Finally, the mother failed to preserve for our review her

contention that the court erred in permitting the foster parents to participate in the dispositional hearing pursuant to Social Services Law § 383 (3) in the absence of a written motion to intervene (*see* CPLR 1012 [a] [1]; 1014).  "An issue may not be raised for the first time on appeal . . . where it 'could have been obviated or cured by factual showings or legal countersteps' in the trial court" (*Oram v Capone*, 206 AD2d 839, 840, quoting *Telaro v Telaro*, 25 NY2d 433, 439, *rearg denied* 26 NY2d 751).  Here, the alleged deficiency could have been cured upon the mother's objection by the filing of a written motion to intervene because the foster parents were entitled to intervene as a matter of right, having continuously cared for the child for more than 12 months (*see* Social Services Law § 383 [3]; CPLR 1012 [a] [1]).

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court