■ In the Matter of BRANDON B. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SCOTT B., Appellant. [940 NYS2d 716]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered September 28, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights with respect to the five children who are the subject of this proceeding based on a finding of permanent neglect and freeing the children for adoption. We reject the father's contention that he was denied effective assistance of counsel at the fact-finding stage of the proceeding. " 'There was no showing of ineffectiveness here, nor may ineffectiveness be inferred merely because the attorney counseled [the father] to admit [to] the allegations in the petition[s]' " (*Matter of Sean W. [Brittany W.]*, 87 AD3d 1318, 1319 [2011], *lv denied* 18 NY3d 802 [2011]). It is clear from the record that the attorney's recommendation that the father admit to the allegations of permanent neglect was a matter of strategy (*see Matter of Elijah D. [Allison D.]*, 74 AD3d 1846, 1847 [2010]; *see generally People v Benevento*, 91 NY2d 708, 712-713 [1998]). Further, "[a] parent alleging ineffective assistance of counsel [in a Family Court case] has the burden of demonstrating . . . that the deficient representation resulted in actual prejudice" (*Matter of Michael C.*, 82 AD3d 1651, 1652 [2011], *lv denied* 17 NY3d 704 [2011]; *see Sean W.*, 87 AD3d at 1319), and the father failed to meet that burden here. Present—Centra, J.P., Carni, Lindley, Sconiers and Martoche, JJ.