# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**285**
**CAF 10-02071**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF BRANDON B., JASON B.,
JOSHUA B., KRISTINA B., AND SAMANTHA B.
----------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

MEMORANDUM AND ORDER

SCOTT B., RESPONDENT-APPELLANT.

---

WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR JASON B.

KENNETH W. GIBBONS, ATTORNEY FOR THE CHILD, BUFFALO, FOR BRANDON B.

THOMAS A. DEUSCHLE, ATTORNEY FOR THE CHILD, WEST SENECA, FOR JOSHUA B.

ELIZABETH M. DIPIRRO, ATTORNEY FOR THE CHILDREN, GETZVILLE, FOR
KRISTINA B. AND SAMANTHA B.

---

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered September 28, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights with respect to the five children who are the subject of this proceeding based on a finding of permanent neglect and freeing the children for adoption. We reject the father's contention that he was denied effective assistance of counsel at the fact-finding stage of the proceeding. " 'There was no showing of ineffectiveness here, nor may ineffectiveness be inferred merely because the attorney counseled [the father] to admit [to] the allegations in the petition[s]' " (*Matter of Sean W.*, 87 AD3d 1318, 1319, *lv denied* 18 NY3d 802). It is clear from the record that the attorney's recommendation that the father admit to the allegations of permanent neglect was a matter of strategy (*see Matter of Elijah D.*, 74 AD3d 1846, 1847; *see generally People v Benevento*, 91 NY2d 708, 712-713). Further, "[a] parent alleging ineffective assistance of counsel [in a

Family Court case] has the burden of demonstrating . . . that the deficient representation resulted in actual prejudice" (*Matter of Michael C.*, 82 AD3d 1651, 1652, *lv denied* 17 NY3d 704; *see Sean W.*, 87 AD3d at 1319), and the father failed to meet that burden here.