# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1245**
**CAF 10-01939**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND WHALEN, JJ.

IN THE MATTER OF BARON C., DAEMONI C., AND
NEVEAH P.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,         MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

DOMINIQUE C., RESPONDENT-APPELLANT.

EVELYNE A. O'SULLIVAN, EAST AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR BARON
C., DAEMONI C., AND NEVEAH P.

-----------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Patricia
A. Maxwell, J.), entered September 13, 2010 in a proceeding pursuant
to Social Services Law § 384-b.  The order, among other things,
terminated respondent's parental rights.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Social Services Law §
384-b, respondent mother appeals from an order that, inter alia,
terminated her parental rights with respect to the three subject
children and ordered that they be freed for adoption.  Contrary to the
mother's contentions, the record supports Family Court's determination
that a suspended judgment, i.e., a "brief grace period designed to
prepare the parent to be reunited with the child" (*Matter of Michael
B.*, 80 NY2d 299, 311), was not in the best interests of the children
(*see Matter of Jane H. [Susan H.]*, 85 AD3d 1586, 1587, *lv denied* 17
NY3d 709).  "The court's determination at the dispositional hearing is
entitled to great deference, particularly because it depended in large
part on the court's assessment of the credibility of the witnesses"
(*Matter of Alyshia M.R.*, 53 AD3d 1060, 1061, *lv denied* 11 NY3d 707).
Finally, to the extent that the mother's contentions are based on
matters outside the record on appeal, they are not properly before us
(*see Matter of Gridley v Syrko*, 50 AD3d 1560, 1561; *Matter of Harry P.
v Cindy W.*, 48 AD3d 1100, 1100).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court