# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1429**
**CAF 11-02140**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF DAHMANI M.
--------------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JANA M., RESPONDENT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF
COUNSEL), FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (SARA J. LANGAN OF
COUNSEL), FOR PETITIONER-RESPONDENT.

RALPH G. DEMASI, ATTORNEY FOR THE CHILD, SYRACUSE, FOR DAHMANI M.

---

Appeal from an order of the Family Court, Onondaga County (Martha
E. Mulroy, J.), entered September 15, 2011 in a proceeding pursuant to
Social Services Law § 384-b.  The order, inter alia, terminated the
parental rights of respondent.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Social Services Law §
384-b, respondent mother appeals from an order that, inter alia,
terminated her parental rights with respect to the subject child.
Contrary to the mother's contention, Family Court did not abuse its
discretion in determining that a suspended judgment, i.e., a "brief
grace period designed to prepare the parent to be reunited with the
child" (*Matter of Michael B.*, 80 NY2d 299, 311), was not in the
child's best interests (*see Matter of Jane H. [Susan H.]*, 85 AD3d
1586, 1587, *lv denied* 17 NY3d 709; *see generally Matter of Hailey ZZ.
[Ricky ZZ.]*, 19 NY3d 422, 430).  "Although [the mother] participated
in [some of] the services offered by petitioner, [s]he failed to
address successfully the problems that led to the removal of the
child[ ] and continued to prevent [his] safe return" (*Matter of Kyle
S.*, 11 AD3d 935, 936 [internal quotation marks omitted]).  The mother
also did not have a viable plan for the child while she was
incarcerated (*see Matter of Gena S.*, 101 AD3d 1593, 1594).  The record
therefore supports the court's refusal to grant a suspended judgment
inasmuch as the record establishes that the mother had no "realistic,
feasible plan to care for the child[ ] . . . and . . . that [she] was
not likely to change her behavior" (*Matter of Sean W. [Brittany W.]*,
87 AD3d 1318, 1319, *lv denied* 18 NY3d 802 [internal quotation marks

omitted]).

The mother further contends that she was denied effective assistance of counsel on the grounds that her attorney failed to request posttermination contact and allegedly failed to call the child's maternal grandmother as a witness during the dispositional hearing.  We reject that contention.  With respect to the posttermination contact, a court has no authority to direct continuing contact between a parent and child once that parent's rights have been terminated pursuant to Social Services Law § 384-b (*see Hailey ZZ.*, 19 NY3d at 426).  Thus, the mother was not prejudiced by her attorney's failure to request posttermination contact (*see generally Sean W.*, 87 AD3d at 1319).  With respect to her attorney's alleged failure to call the child's maternal grandmother as a witness, the mother did not meet her burden of demonstrating that the alleged failure resulted in actual prejudice (*see Matter of Michael C.*, 82 AD3d 1651, 1652, *lv denied* 17 NY3d 704).  Indeed, there is no support in the record for the mother's contention that the child's maternal grandmother was willing or able to care for the child during the mother's incarceration and thus should have been called as a witness to testify to that effect.

Entered:  March 15, 2013                          Frances E. Cafarell
                                                  Clerk of the Court