Appeal from an order of the Family Court, Onondaga County (Martha E. Mulroy, J), entered September 15, 2011 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, *1246 inter alia, terminated her parental rights with respect to the subject child. Contrary to the mother’s contention, Family Court did not abuse its discretion in determining that a suspended judgment, i.e., a “brief grace period designed to prepare the parent to be reunited with the child” (Matter of Michael B., 80 NY2d 299, 311 [1992]), was not in the child’s best interests (see Matter of Jane H. [Susan H.], 85 AD3d 1586, 1587 [2011], lv denied 17 NY3d 709 [2011]; see generally Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 430 [2012]). “Although [the mother] participated in [some of] the services offered by petitioner, [s]he failed to address successfully the problems that led to the removal of the child[ ] and continued to prevent [his] safe return” (Matter of Kyle S., 11 AD3d 935, 936 [2004] [internal quotation marks omitted]). The mother also did not have a viable plan for the child while she was incarcerated (see Matter of Gena S. [Karen M.], 101 AD3d 1593, 1594 [2012]). The record therefore supports the court’s refusal to grant a suspended judgment inasmuch as the record establishes that the mother had no “realistic, feasible plan to care for the child[ ] . . . and . . . that [she] was not likely to change her behavior” (Matter of Sean W. [Brittany W.], 87 AD3d 1318, 1319 [2011], lv denied 18 NY3d 802 [2011] [internal quotation marks omitted]).
The mother further contends that she was denied effective assistance of counsel on the grounds that her attorney failed to request posttermination contact and allegedly failed to call the child’s maternal grandmother as a witness during the dispositional hearing. We reject that contention. With respect to the posttermination contact, a court has no authority to direct continuing contact between a parent and child once that parent’s rights have been terminated pursuant to Social Services Law § 384-b (see Hailey ZZ., 19 NY3d at 426). Thus, the mother was not prejudiced by her attorney’s failure to request posttermination contact (see generally Sean W., 87 AD3d at 1319). With respect to her attorney’s alleged failure to call the child’s maternal grandmother as a witness, the mother did not meet her burden of demonstrating that the alleged failure resulted in actual prejudice (see Matter of Michael C., 82 AD3d 1651, 1652 [2011], lv denied 17 NY3d 704 [2011]). Indeed, there is no support in the record for the mother’s contention that the child’s maternal grandmother was willing or able to care for the child during the mother’s incarceration and thus should have been called as a witness to testify to that effect. Present— Centra, J.E, Peradotto, Lindley, Whalen and Martoche, JJ.