Matter of Beulah J. (Darlene H.--Johnny J.) (2021 NY Slip Op 00767)





Matter of Beulah J. (Darlene H.--Johnny J.)


2021 NY Slip Op 00767


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1233 CAF 19-00663

[*1]IN THE MATTER OF BEULAH J., IVORY J., AND EBONY J. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; DARLENE H., RESPONDENT, AND JOHNNY J., RESPONDENT-APPELLANT. - KIMBERLY M. SEAGER, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT.
KIMBERLY M. SEAGER, FULTON, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT.
COURTNEY S. RADICK, OSWEGO, ATTORNEY FOR THE CHILDREN. 


 Appeals from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered March 21, 2019 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated the parental rights of respondent Johnny J. with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the disposition with respect to Ebony J., and as modified the order is affirmed without costs and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father and the Attorney for the Child (AFC) for Ebony J. (hereafter Ebony J.) each appeal from an order that, among other things, terminated the father's parental rights with respect to the three subject children on the ground of permanent neglect and freed those children for adoption.
By failing to raise the issue below, the father waived his contention that the petition was improperly filed before the children had been in the care of an authorized agency for one year (see Matter of Brayanna G., 66 AD3d 1375, 1376 [4th Dept 2009], lv denied 13 NY3d 714 [2010]; see generally Lacks v Lacks, 41 NY2d 71, 75 [1976], rearg denied 41 NY2d 862, 901 [1977]). The father's related claim of ineffective assistance of counsel is not properly before us because it was raised for the first time in his reply brief (see Becker-Manning, Inc. v Common Council of City of Utica, 114 AD3d 1143, 1144 [4th Dept 2014]).
Contrary to the contention of the father and Ebony J., Family Court's finding of permanent neglect is supported by clear and convincing evidence establishing that, "despite diligent efforts by petitioner to encourage and strengthen the parental relationship, [the father] failed substantially and continuously or repeatedly to plan for the future of the children for a period of more than one year following their placement with petitioner, although physically and financially able to do so" (Matter of Susan C. [Wesley C.], 1 AD3d 991, 991 [4th Dept 2003]; see generally Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]). We reject the father's [*2]further contentions that the interests of Beulah J. and Ivory J. are not best served by terminating his parental rights with respect to them (see Matter of Burke H. [Richard H.], 134 AD3d 1499, 1502 [4th Dept 2015]) and that the court abused its discretion in denying his request for a suspended judgment.
We agree with the father and Ebony J., however, that a new dispositional hearing for that child is required because terminating the father's parental rights to Ebony J. makes her a legal orphan and because the AFC who jointly represented the children at trial failed to zealously advocate for Ebony J.'s position concerning adoption and focused instead on her sisters' conflicting position on that issue (see Matter of Dominique A.W., 17 AD3d 1038, 1039-1041 [4th Dept 2005], lv denied 5 NY3d 706 [2005]; see also Matter of Gena S. [Karen M.], 101 AD3d 1593, 1595 [4th Dept 2012], lv dismissed 21 NY3d 975 [2013]; see generally Matter of Brian S. [Tanya S.], 141 AD3d 1145, 1147 [4th Dept 2016]). We therefore modify the order by vacating the disposition as to Ebony J., and we remit the matter to Family Court for appointment of a new AFC and a new dispositional hearing for that child. In light of our determination, we do not consider the remaining contentions advanced by the father or Ebony J.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court