Matter of Clark v Clark (2021 NY Slip Op 06500)





Matter of Clark v Clark


2021 NY Slip Op 06500


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND DEJOSEPH, JJ.


840 CAF 20-01550

[*1]IN THE MATTER OF CHELSEA M. CLARK, PETITIONER-RESPONDENT,
v
JACKSON S. CLARK, RESPONDENT-APPELLANT. 






TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-APPELLANT.
THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR PETITIONER-RESPONDENT. 
SCOTT A. OTIS, WATERTOWN, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Jefferson County (Donald P. VanStry, R.), entered September 15, 2020 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole legal and physical custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that, among other things, modified a prior order of custody and parenting time by awarding petitioner mother sole legal and physical custody of the subject children.
Initially, we note that there is no dispute that there was a sufficient change in circumstances since the prior order, and thus the issue before us is whether Family Court properly determined that the best interests of the children would be served by a change in custody (see Matter of Kakwaya v Twinamatsiko, 159 AD3d 1590, 1591 [4th Dept 2018], lv denied 31 NY3d 911 [2018]; see generally Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). In making such a determination, the court "must consider all factors that could impact the best interests of the child[ren], including the existing custody arrangement, the current home environment, the financial status of the parties, [and] the ability of each parent to provide for the child[ren]'s emotional and intellectual development" (Matter of Marino v Marino, 90 AD3d 1694, 1695 [4th Dept 2011]). " 'A court's custody determination, including its evaluation of [the children's] best interests, is entitled to great deference and will not be disturbed [as long as] it is supported by a sound and substantial basis in the record' " (Cunningham v Cunningham, 137 AD3d 1704, 1705 [4th Dept 2016]; see Matter of Dubuque v Bremiller, 79 AD3d 1743, 1744 [4th Dept 2010]). Here, we conclude that, contrary to the father's contention, the court's custody determination has a sound and substantial basis in the record. The court's determination is supported by, inter alia, evidence concerning the respective home environments of the parents, as well as each parent's respective financial stability and employment status.
We reject the father's further contention that he was denied effective assistance of counsel at the hearing when his counsel elicited what the father contends was unduly prejudicial testimony. Contrary to the father's contention, the testimony in question was relevant to the best interests analysis, and the father did not meet his burden of " 'demonstrat[ing] the absence of strategic or other legitimate explanations for counsel's alleged shortcomings' " (Matter of Ballard v Piston, 178 AD3d 1397, 1398 [4th Dept 2019], lv denied 35 NY3d 907 [2020]; see Matter of Brandon B. [Scott B.], 93 AD3d 1212, 1213 [4th Dept 2012], lv denied 19 NY3d 805 [2012]).
We have reviewed the father's remaining contentions and conclude that they are either unpreserved or without merit.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court