Matter of Manioci v Schreiber (2022 NY Slip Op 06609)

Matter of Manioci v Schreiber

2022 NY Slip Op 06609

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, WINSLOW, AND BANNISTER, JJ.

882 CAF 21-01086

[*1]IN THE MATTER OF JASON N. MANIOCI, PETITIONER-RESPONDENT,
v
RACHEL E. SCHREIBER, RESPONDENT-APPELLANT. 

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
BRIDGET L. FIELD, ROCHESTER, FOR PETITIONER-RESPONDENT.
SUSAN E. GRAY, CANANDAIGUA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Wayne County (Daniel G. Barrett, J.), entered June 29, 2021 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded primary residential custody of the subject child to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this Family Court Act article 6 proceeding, respondent mother appeals from an order that, inter alia, granted after a hearing the petition of petitioner father seeking, in effect, to modify a prior custody order by awarding him primary residential custody of the parties' child, with visitation to the mother.
Initially, we note that the mother does not dispute that there was a sufficient change in circumstances since the prior order, and thus the issue before us is whether Family Court properly determined that the best interests of the child would be served by a change in custody (see Matter of Clark v Clark, 199 AD3d 1455, 1455 [4th Dept 2021]). Although the mother correctly contends that the court did not specify the factors that it relied upon in conducting its best interests analysis (see Matter of Howell v Lovell, 103 AD3d 1229, 1231 [4th Dept 2013]), "[o]ur authority in determinations of custody is as broad as that of Family Court . . . and where, as here, the record is sufficient for this Court to make a best interests determination . . . , we will do so in the interests of judicial economy and the well-being of the child" (Matter of Bryan K.B. v Destiny S.B., 43 AD3d 1448, 1450 [4th Dept 2007]; see Howell, 103 AD3d at 1231; see also Matter of Belcher v Morgado, 147 AD3d 1335, 1336 [4th Dept 2017]).
Here, after reviewing the appropriate factors (see generally Fox v Fox, 177 AD2d 209, 210-211 [4th Dept 1992]), we conclude that the totality of the circumstances supports the determination that the subject child's best interests are served by awarding the father primary residential custody. The record establishes, inter alia, that the father has been the primary custodial parent since the time he filed his petition in 2020, and the continuity and stability of the living situation weighs in favor of the father. In addition, the mother was still undergoing treatment for her drug addiction at the time of the hearing, and she had missed a number of visitations with the child, including one scheduled visit that she missed because she had been arrested. Thus, the record establishes that the father is better able to provide for the child's emotional and intellectual development (see generally Matter of Caughill v Caughill, 124 AD3d 1345, 1347 [4th Dept 2015]).
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court