Matter of Ridall v Jones (2024 NY Slip Op 04667)

Matter of Ridall v Jones

2024 NY Slip Op 04667

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

579 CAF 23-00508

[*1]IN THE MATTER OF ASPEN RIDALL, PETITIONER-RESPONDENT-APPELLANT,
v
BRYANT JONES, RESPONDENT-PETITIONER-RESPONDENT. 

CARA A. WALDMAN, FAIRPORT, FOR PETITIONER-RESPONDENT-APPELLANT.
MEGAN E. O'LEARY, ROCHESTER, FOR RESPONDENT-PETITIONER-RESPONDENT.
TYSON BLUE, MACEDON, ATTORNEY FOR THE CHILDREN.

 Appeal from an order of the Family Court, Ontario County (Brian D. Dennis, J.), entered March 16, 2023, in proceedings pursuant to Family Court Act article 6. The order, among other things, awarded respondent-petitioner primary physical placement of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 6, petitioner-respondent mother appeals from an order that, among other things, denied her petition for modification of the parties' custody order and granted in part the cross-petition of respondent-petitioner father, awarding him primary physical custody of the subject children. We affirm.
Initially, we note that the parties do not dispute that there is a sufficient change in circumstances to warrant an inquiry into whether modification of the existing custody arrangement would be in the children's best interests (see generally Matter of Clark v Clark, 199 AD3d 1455, 1455 [4th Dept 2021]; Matter of Nordee v Nordee, 170 AD3d 1636, 1636-1637 [4th Dept 2019], lv denied 33 NY3d 909 [2019]). Contrary to the mother's contention, Family Court did not err in awarding primary physical custody of the subject children to the father. It is well settled that " 'a court's determination regarding custody . . . , based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record' " (Matter of DeVore v O'Harra-Gardner, 177 AD3d 1264, 1266 [4th Dept 2019]). Here, we perceive no basis to disturb the court's credibility assessment and factual findings, and we conclude that its custody determination is supported by a sound and substantial basis in the record (see Matter of Doner v Flora, 229 AD3d 1158, 1158 [4th Dept 2024]).
We have reviewed the mother's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court