Matter of Smith v Butler (2025 NY Slip Op 01470)

Matter of Smith v Butler

2025 NY Slip Op 01470

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

100 CAF 23-01642

[*1]IN THE MATTER OF ERICA NICOLE SMITH, PETITIONER-RESPONDENT,
v
BENJAMIN . BUTLER, RESPONDENT, AND PAMELA A. LITZSEY-THOMAS, RESPONDENT-APPELLANT. 

THE LAW OFFICE OF PARKER R. MACKAY, KENMORE (PARKER R. MACKAY OF COUNSEL), FOR RESPONDENT-APPELLANT. 
MICHAEL CAPUTO, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Niagara County (Kathleen Wojtaszek-Gariano, J.), entered September 13, 2023, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole custody of the subject child to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent Pamela A. Litzsey-Thomas, the cousin of the subject child's deceased mother (cousin), appeals from an order that, inter alia, granted petitioner, the child's maternal aunt (aunt), sole custody of the child.
At the outset we note that it is undisputed that extraordinary circumstances exist to warrant placing the child in the custody of a nonparent inasmuch as the mother is deceased and the child's father, respondent Benjamin V. Butler, defaulted in this proceeding (see Matter of Dinoff v Knechtel, 224 AD3d 1288, 1289-1290 [4th Dept 2024]). Although the cousin correctly contends that Family Court failed to set forth the factors it relied upon in conducting its best interest analysis (see Manioci v Schreiber, 210 AD3d 1523, 1523 [4th Dept 2022], lv denied 39 NY3d 907 [2023]), " '[o]ur authority in determinations of custody is as broad as that of Family Court . . . and where, as here, the record is sufficient for this Court to make a best interests determination . . . , we will do so in the interests of judicial economy and the well-being of the child' " (Matter of Howell v Lovell, 103 AD3d 1229, 1231 [4th Dept 2013]).
Here, reviewing the relevant factors (see generally Dinoff, 224 AD3d at 1290; Matter of Chilbert v Soler, 77 AD3d 1405, 1406 [4th Dept 2010], lv denied 16 NY3d 701 [2011]), we conclude that the totality of the circumstances supports the determination that the child's best interests are served by awarding the aunt sole custody of the child. The record establishes that the aunt has a more stable home environment, is better able to guide and provide for the child's overall well-being, and displays the willingness to foster a relationship with other family members that the cousin did not. The cousin repeatedly alienated the child from the aunt and other family members, was involved in frequent verbal and physical altercations in the presence of the child, and attempted—while in the presence of the child—to smuggle synthetic marihuana into prison for her ex-husband. Thus, we conclude that it is in the best interests of the child to be placed in the aunt's care (see generally Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015]).
We have reviewed the cousin's remaining contentions and conclude that they are either unpreserved or lacking in merit.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court