Matter of Beal v Jackson
2026 NY Slip Op 03582
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF ANDRE BEAL, PETITIONER-RESPONDENT,
v
VES'SHAWNA JACKSON, RESPONDENT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
389 CAF 25-00177
Present: Whalen, P.J., Bannister, Montour, Nowak, And Hannah, JJ.

MICHAEL J. PULVER, SYRACUSE, FOR RESPONDENT-APPELLANT.
H. KATHRYN KILMARTIN, SYRACUSE, ATTORNEY FOR THE CHILDREN.

Appeal from an order of the Family Court, Onondaga County (Lourdes P. Rosario, R.), entered August 8, 2024, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded primary physical custody of the subject children to petitioner.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that modified the parties' prior order of custody and visitation by, inter alia, awarding the parties joint legal custody of the children with primary physical custody and final decision-making authority to the father. We affirm.
Initially, we note that the mother does not dispute that there has been a change in circumstances since the prior order, and thus the issue before us is whether Family Court properly determined that the best interests of the children would be served by a change in custody (see Matter of Manioci v Schreiber, 210 AD3d 1523, 1523 [4th Dept 2022], lv denied 39 NY3d 907 [2023]). Contrary to the mother's contention, we conclude that a sound and substantial basis in the record supports the court's determination that an award of physical custody and final decision-making authority to the father was in the children's best interests (see Matter of Schram v Nine, 193 AD3d 1361, 1361-1362 [4th Dept 2021], lv denied 37 NY3d 905 [2021]; see also Matter of Emmanuel A. v Evelyn R.M.G., 242 AD3d 481, 482 [1st Dept 2025]). The record establishes that the father was better able to provide a stable home environment, better able to provide for the children's emotional and intellectual development, and better able to provide financially for the children inasmuch as the mother did not have a steady or stable home and was not employed (see generally Matter of Wojciulewicz v McCauley, 166 AD3d 1489, 1490 [4th Dept 2018], lv denied 32 NY3d 918 [2019]). The court's determination following a hearing that the best interests of the children would be served by such an award is entitled to great deference, particularly in view of the hearing court's superior ability to evaluate the character and credibility of the witnesses, and we will not disturb that determination where, as here, the record establishes that it is the product of the court's careful weighing of the appropriate factors (see Matter of Timothy MYC v Wagner, 151 AD3d 1731, 1732 [4th Dept 2017]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court