■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIERRE JACKSON, Appellant. [630 NYS2d 715] —Judgment, Supreme Court, Bronx County (Joseph A. Cerbone, J.), rendered June 10, 1991, convicting defendant, after a jury trial, of robbery in the first degree (Penal Law § 160.15 [4]) and endangering the welfare of a child (Penal Law § 260.10 [1]) and sentencing him to concurrent terms of imprisonment of $6^2/_3$ to 20 years and 1 year, respectively, is unanimously reversed, on the law and the facts, and the matter is remanded for a new trial.

On the morning of October 28, 1989, defendant accosted Lizette Cordero, who was accompanied by her two children, in the

stairway of her sister's apartment building. Defendant, at gunpoint, demanded Ms. Cordero's jewelry and, when she failed to move fast enough, defendant pointed the gun at her eight-year old son's head and stated "Hurry up or I'll blow him away." Defendant was arrested approximately two weeks later after Ms. Cordero spotted him standing on a street corner near the scene of the incident and summoned the police.

At trial, near the close of the People's case, the prosecutor sought permission to bring in an uncharged crime on the issue of consciousness of guilt, to wit, the testimony of John Walden. The prosecutor averred that Mr. Walden would testify that defendant had approached him three weeks before trial and offered him money in return for a false alibi.

In opposition to the People's application, defense counsel revealed that defendant had told him that Mr. Walden was a legitimate alibi witness and as a result, he made several unsuccessful efforts to bring Mr. Walden in with the aid of a court-appointed investigator. Defense counsel continued that he then told defendant, in the presence of defendant's ex-girlfriend (who was unavailable at trial because she is wanted by the police for stabbing defendant), to go out and bring Mr. Walden in and to make sure that defendant was accompanied by someone else to act as a non-party subpoena server. Defense counsel stated that he told defendant to inform Mr. Walden that, if required by law, a witness appearance fee would be paid. In the ensuing colloquy on the admissibility of the bribe offer testimony, defense counsel argued emphatically that if the testimony was admitted, counsel would be forced to unwillingly take the stand to explain the witness fee situation. Nevertheless, the court granted the application and informed defense counsel that he could take the stand if so inclined.

Mr. Walden subsequently testified that defendant offered him $150 to provide false alibi testimony. Defense counsel took the stand, explained how he came to send defendant out looking for Mr. Walden, and testified that: "I also advised my client that I was uncertain in regards to a criminal subpoena if a witness appearance fee was required in order to get Mr. Walden here, if I had to subpoena him and I directed him to tell Mr. Walden that if he appeared, he would get a witness appearance fee, if necessary."

The defendant's right to effective assistance of counsel, which encompasses the right to conflict-free counsel (*People v McDonald*, 68 NY2d 1; *People v Salcedo*, 68 NY2d 130) was compromised herein when defense counsel took the witness stand and, essentially, distanced himself from defendant's al-

leged bribe offer. Since this conflict actually operated on the conduct of the defense (*People v Recupero*, 73 NY2d 877, 879; *People v Lombardo,* 61 NY2d 97, 103), the judgment must be reversed and the matter remanded for a new trial. To the extent that the People argue that the issue is unpreserved, it is clear that a claim of ineffective assistance of counsel may be made for the first time on appeal (*People v Jones*, 55 NY2d 771, 773; *People v Baldi*, 54 NY2d 137, 145).

It was also error for the trial court to allow the introduction of the bribery evidence as the admission of uncharged crimes is generally excluded for policy reasons because it may induce the jury to render a guilty verdict based on collateral matters (*People v Lewis*, 69 NY2d 321, 325; *People v Till*, 201 AD2d 43, 46, *lv granted* 84 NY2d 874; Richardson, Evidence § 4, at 2 [Prince 10th ed]). We also note that the only witness who could directly refute Walden's bribe testimony was the defendant who allegedly offered it. However, the defendant did not take the stand as is his right, yet the jury could infer then that the uncontradicted testimony of Walden was true. The dilemma of defendant could only be resolved by, in effect, forcing him to testify—creating an unfair and prejudicial predicament to defendant. In the matter before us, we conclude that the prejudice which resulted from the introduction of the bribery evidence greatly outweighed its probative value. Concur— Murphy, P. J., Rubin, Ross, Asch and Tom, JJ.