■ In the Matter of JAMES R., JR., and Others, Children Alleged to be Permanently Neglected, CONSTANCE R., Appellant; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [661 NYS2d 160] —Order unanimously reversed on the law without costs, motion granted and orders of disposition vacated. Memorandum: Family Court abused its discretion in denying the motion of petitioner to vacate the orders of disposition entered against her upon her default. Those orders terminated the parental rights of petitioner with respect to her four children on the ground of permanent neglect.

Ordinarily, a party seeking to vacate a default must show that there is a reasonable excuse for the default and a meritorious defense (see, Matter of Naajila J., 235 AD2d 540; Matter of Little Flower Children's Servs. [Sean Courtney G.] v Vernon J., 213 AD2d 548; Matter of Shirley C., 145 AD2d 631; Matter of Jones, 128 AD2d 403). That showing was unnecessary here, however, because the record establishes that petitioner was denied effective assistance of assigned counsel.

A respondent in a permanent neglect proceeding has the

right to effective assistance of counsel (*see,* Family Ct Act §§ 261, 262 [a] [iv]; *see also, Matter of Karl L.,* 224 AD2d 841; *Matter of De Vivo v Burrell,* 101 AD2d 607), and the denial of such right may be raised at any time (*see, People v Jackson,* 218 AD2d 556, 558, *lv denied* 87 NY2d 847). Further, because the potential consequences are so drastic, the Family Court Act "affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings" (*Matter of Erin G.,* 139 AD2d 737, 739; *see, Matter of Ashley M.,* 235 AD2d 858). Thus, petitioner must demonstrate that she was deprived of meaningful representation and that she suffered actual prejudice as the result of the claimed deficiencies (*see, Matter of Matthew C.,* 227 AD2d 679; *see generally, People v Baldi,* 54 NY2d 137, 147).

Petitioner appeared at every scheduled court date prior to the scheduled trial date. Counsel sent another attorney in her place on one court date but failed to appear on another court date and was not present on the day scheduled for trial. At no time did counsel even meet with petitioner. On the scheduled trial date, the court proceeded in the absence of both petitioner and counsel, granted the petition and terminated petitioner's parental rights. It appears from the record that the default of petitioner was caused by her misunderstanding regarding the necessity of appearing on the date set for trial, and the record supports the conclusion that her assigned counsel did nothing to clear up that misunderstanding and, indeed, may have contributed to it. Thereafter, counsel did not fulfill her promise to bring a motion to vacate the default. Thus, it cannot be said that petitioner was not prejudiced by the lack of effective representation. (Appeal from Order of Erie County Family Court, Szczur, J.—Vacate Orders.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.