■ In the Matter of Sarah A., an Infant. Erie County Department of Social Services, Respondent; Wayne A., Appellant. [874 NYS2d 653]—

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered January 4, 2008 in a proceeding pursuant to Social Services Law § 384-b. The order denied the motion of respondent to vacate a default order of fact-finding and disposition terminating his parental rights.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the order entered January 18, 2007 is vacated, and the matter is remitted to Family Court, Erie County, for a hearing on the petition.

Memorandum: Respondent father appeals from an order denying his motion "to Reopen a Finding by Default Terminating Parental Rights" with respect to his daughter based upon findings that he abandoned and permanently neglected her. We agree with the father that Family Court erred in denying his motion. We conclude that the court violated the father's fundamental right to due process by failing to conduct either a fact-finding hearing or "inquest" before making its findings of abandonment and permanent neglect, regardless of the father's default status on the scheduled hearing date. Specifically, we note that "[a]ll proceedings to terminate parental rights . . . must include a fact finding hearing where the Judge of the Family Court must determine that the parent is guilty of some fault, either lack of visitation and contact in the case of abandonment, or lack of planning in the case of permanent neglect" (Carrieri, Practice Commentaries, McKinney's Cons Laws of NY, Book 52A, Social Services Law § 384-b, at 258). Here, although a fact-finding hearing was scheduled, no hearing was conducted when the father did not appear. Indeed, petitioner offered no evidence at the scheduled fact-finding hearing to support its petition, and the record thus is devoid of any evidence that the father "is guilty of some fault" to support any such determination by the court (*id.*), or that petitioner engaged in the requisite diligent efforts to strengthen the relationship between the father and his daughter (*see Matter of Kyle K.*, 49 AD3d 1333, 1335 [2008], *lv denied* 10 NY3d 715 [2008]; *see also* Social Services Law § 384-b [7] [f]). We therefore reverse the order, grant the father's motion, vacate the default order of fact-finding and disposition, and remit the matter to Family Court for a hearing on the petition.

With respect to the remaining contentions of the father, we conclude that he failed to demonstrate that he was prejudiced

by his attorney's alleged ineffective assistance (*see Matter of James R.*, 238 AD2d 962, 963 [1997]), and that there is nothing in the record to support his contention that the Law Guardian was ineffective. Present—Smith, J.P., Centra, Peradotto and Gorski, JJ.