■ In the Matter of ELIJAH D. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALLISON D., Appellant. [902 NYS2d 736]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered April 21, 2009 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order terminating her parental rights with respect to her son on the

ground of permanent neglect. The child was placed in foster care 10 days after his birth as a result of positive toxicology reports indicating that a variety of substances were found in his system at birth, including prescribed medication that the mother ingested during her pregnancy. Contrary to the mother's contention, Family Court did not abuse its discretion in refusing to enter a suspended judgment (*see Matter of Arella D.P.-D.*, 35 AD3d 1222 [2006], *lv denied* 8 NY3d 809 [2007]). Although the mother had made progress in completing the requirements of petitioner's plan for services and had discontinued the use of prescribed pain medication, that progress was made after the petition was filed, and she failed to complete those requirements during the 10 months from the time the petition was filed and the hearing was concluded (*cf. Matter of Christopher C.*, 58 AD3d 622, 623-624 [2009]). The record supports our conclusion that " '[t]he progress made by [the mother] in the months preceding the dispositional determination was not sufficient to warrant any further prolongation of the child's unsettled familial status' " (*Matter of Roystar T. [Samarian B.]*, 72 AD3d 1569, 1569 [2010]). The court's determination that it was in the child's best interests to be adopted by the foster parents with whom he had lived since his birth rather than to be returned to the mother is entitled to great deference (*see Matter of Kyle S.*, 11 AD3d 935 [2004]).

We reject the further contention of the mother that she was denied effective assistance of counsel. It is axiomatic that, "because the potential consequences are so drastic, the Family Court Act 'affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings' " (*Matter of James R.*, 238 AD2d 962, 963 [1997]; *see Matter of Sarah A.*, 60 AD3d 1293, 1294-1295 [2009]). The record establishes that the mother's attorney effectively cross-examined petitioner's witnesses. Furthermore, the mother's attorney called several witnesses and effectively demonstrated that the inability of the mother to care for her son was related to prescribed pain medication, that she was no longer taking that medication, that she had progressed in completing the requirements of petitioner's plan for services and that she visited her son consistently in the several months preceding the dispositional determination. We conclude that the mother failed to " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" and that the mother received meaningful representation (*People v Benevento*, 91 NY2d 708, 712 [1998]; *see generally James R.*, 238 AD2d 962 [1997]). Present—Scudder, P.J., Martoche, Sconiers, Green and Gorski, JJ.