# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

306
CAF 10-00620
PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

IN THE MATTER OF MICHAEL C. AND VINCENT C.
-----------------------------------------------
STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

MICHAEL C., RESPONDENT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR RESPONDENT-APPELLANT.

ALAN P. REED, COUNTY ATTORNEY, BATH (JESSICA M. DRAKE OF COUNSEL), FOR
PETITIONER-RESPONDENT.

VIVIAN CLARA STRACHE, ATTORNEY FOR THE CHILDREN, BATH, FOR MICHAEL C.
AND VINCENT C.

---

Appeal from an order of the Family Court, Steuben County
(Marianne Furfure, A.J.), entered January 29, 2010 in a proceeding
pursuant to Social Services Law § 384-b.  The order, among other
things, terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent father appeals from an order terminating
his parental rights on the ground of permanent neglect and
transferring guardianship and custody of the children to petitioner.
The children were placed in foster care after the father left them
with a caregiver who was under the influence of drugs and alcohol.
Contrary to the father's contention, petitioner established by clear
and convincing evidence that the father permanently neglected the
children inasmuch as he "failed substantially and continuously or
repeatedly to maintain contact with or plan for the future of the
child[ren] although . . . able to do so" (*Matter of Star Leslie W.*, 63
NY2d 136, 142; *see Matter of Whytnei B.*, 77 AD3d 1340).

We reject the father's further contention that Family Court
abused its discretion in refusing to enter a suspended judgment
following the dispositional hearing (*see Matter of Elijah D.*, 74 AD3d
1846; *Matter of Maryline A.*, 22 AD3d 227).  Although the father
completed a 28-day inpatient substance abuse program, he subsequently
failed drug tests and has been continuously noncompliant with court-
ordered interventions.  "[T]he record supports the court's
determination that any progress made by the father 'was not sufficient

to warrant any further prolongation of the child[ren's] unsettled familial status' " (*Matter of Tiara B.*, 70 AD3d 1307, 1308, *lv denied* 14 NY3d 709).

In addition, we reject the father's contention that he received ineffective assistance of counsel. "It is axiomatic that, because the potential consequences are so drastic, the Family Court Act affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings" (*Elijah D.*, 74 AD3d at 1847 [internal quotation marks omitted]). A parent alleging ineffective assistance of counsel has the burden of demonstrating both that he or she was denied meaningful representation and that the deficient representation resulted in actual prejudice (*see Matter of James R.*, 238 AD2d 962). Here, the father neither alleged nor demonstrated that he was actually prejudiced by any of counsel's shortcomings. His contention that counsel was ineffective "is impermissibly based on speculation, i.e., that favorable evidence could and should have been offered on his behalf" (*Matter of Devonte M.T.*, 79 AD3d 1818, 1819).

Entered:  March 25, 2011                                        Patricia L. Morgan
                                                                Clerk of the Court