# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1006

CAF 11-01526

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF ALISA E.
-----------------------------------------
LIVINGSTON COUNTY DEPARTMENT OF SOCIAL          MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

WENDY F., RESPONDENT-APPELLANT.

---

JEANNIE D. MICHALSKI, CONFLICT DEFENDER, GENESEO (P. ADAM MILITELLO OF COUNSEL), FOR RESPONDENT-APPELLANT.

DAVID J. MORRIS, COUNTY ATTORNEY, GENESEO (WENDY S. SISSON OF COUNSEL), FOR PETITIONER-RESPONDENT.

JAMES W. CAMPBELL, JR., ATTORNEY FOR THE CHILD, LIMA, FOR ALISA E.

---

Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered July 12, 2011 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, suspended judgment until May 13, 2012.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: We reject respondent mother's contention in this permanent neglect proceeding that she was denied effective assistance of counsel at the fact-finding stage of the proceeding. "A parent alleging ineffective assistance of counsel has the burden of demonstrating both that he or she was denied meaningful representation and that the deficient representation resulted in actual prejudice" (*Matter of Michael C.*, 82 AD3d 1651, 1652, *lv denied* 17 NY3d 704; *see Matter of James R.*, 238 AD2d 962, 962-963). Here, the mother failed to demonstrate that any of her attorney's shortcomings resulted in actual prejudice. While we agree with the mother that her attorney should have objected to the use of leading questions, any error with respect thereto did not affect the outcome of the hearing and thus is harmless. The mother also contends that her attorney should have objected to the admission of hearsay. While the mother's attorney would have had grounds to object to some of the statements made during petitioner's direct case, the mother has failed to show that her attorney's failure to object was not strategic, i.e., an effort to establish leniency for his own line of questioning. Indeed, later in the hearing, Family Court allowed the mother's attorney to elicit hearsay during his examination, reasoning, "there has been a lot of hearsay in this hearing so far." Lastly, contrary to the mother's

contention, her attorney did not admit on summation that the subject child was neglected.

Entered:  September 28, 2012                    Frances E. Cafarell
                                              Clerk of the Court