# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1393

CAF 12-01659

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF KELSEY R.K. AND MOLLY T.K.
--------------------------------------------------
JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES,   MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JOHN J.K., JR. AND SHEILA K.,
RESPONDENTS-APPELLANTS.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR RESPONDENT-APPELLANT JOHN J.K., JR.

LEAH K. BOURNE, ROCHESTER, FOR RESPONDENT-APPELLANT SHEILA K.

KRISTOPHER STEVENS, WATERTOWN, FOR PETITIONER-RESPONDENT.

LISA A. PROVEN, ATTORNEY FOR THE CHILDREN, WATERTOWN.

---

Appeals from an order of the Family Court, Jefferson County
(Richard V. Hunt, J.), entered August 17, 2012 in a proceeding
pursuant to Social Services Law § 384-b. The order, among other
things, terminated respondents' parental rights with respect to the
subject children.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent father and respondent mother appeal from
an order terminating their parental rights pursuant to Social Services
Law § 384-b on the ground of permanent neglect. We affirm.
Petitioner met its burden of proving "by clear and convincing evidence
that it made diligent efforts to encourage and strengthen the
relationship between [the parents] and the child[ren]" (*Matter of Ja-
Nathan F.*, 309 AD2d 1152, 1152; *see* § 384-b [7] [a]). Among other
things, petitioner provided the parents with the opportunity to obtain
appropriate housing, provided supervised visitation with the children,
and provided the parents with counseling (*see generally* § 384-b [7]
[f] [1] - [4]; *Matter of Star Leslie W.*, 63 NY2d 136, 142). Contrary
to the parents' further contention, the evidence at the hearing
establishes that, despite petitioner's diligent efforts to reunite
them with the children, the parents chose to obtain different housing
and then denied petitioner access to their home after one visit; the
visits with the children did not go well and were stressful for the
children; and the parents failed to make progress in counseling due to
their refusal to acknowledge the sexual abuse inflicted on the

children and to take responsibility for their failure to protect the children.  Thus, petitioner established that the parents "failed to address successfully the problems that led to the removal of the child[ren] and continued to prevent the child[ren's] safe return" (*Ja-Nathan F.*, 309 AD2d at 1152; *see Matter of Jesus JJ.*, 232 AD2d 752, 754-755, *lv denied* 89 NY2d 809).

The father's contention that Family Court improperly limited his cross-examination of a witness is not preserved for our review (*see generally Matter of Clime v Clime*, 85 AD3d 1671, 1672).  In any event, the court did not abuse its discretion in simply restating petitioner's position following an overly broad question posed by the father's attorney that would have merely elicited repetitive testimony (*see generally Matter of Heather J.*, 244 AD2d 762, 763-764).  Finally, we reject the mother's contention that she was denied effective assistance of counsel.  It is axiomatic that, "because the potential consequences are so drastic, the Family Court Act 'affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings' " (*Matter of James R.*, 238 AD2d 962, 963; *see Matter of Sarah A.*, 60 AD3d 1293, 1294-1295).  The mother contends that her attorney was ineffective in failing to object to the qualification of certain witnesses as experts and in failing to call as a witness her new counselor, whom she did not start seeing until after the diligent efforts period.  There is no denial of effective assistance of counsel, however, arising from a failure to make a motion or argument that has little or no chance of success (*see People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).

Entered:  January 3, 2014                        Frances E. Cafarell
                                                  Clerk of the Court