# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1057

CAF 13-00472

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF SAPPHIRE A.J.
------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ANGELICA J., RESPONDENT-APPELLANT.

---

PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT.

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (CAROL EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

RHIAN D. JONES, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered February 8, 2013 in a proceeding pursuant to Social Services Law § 384-b.  The order terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child on the ground of permanent neglect and freed the child for adoption. Contrary to the mother's contention, petitioner established "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between [the mother] and the child" (*Matter of Ja-Nathan F.*, 309 AD2d 1152, 1152; *see* § 384-b [3] [g] [i]; [7] [a]).  "Diligent efforts include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parent[] to overcome problems that prevent the discharge of the child into [his or her] care, and informing the parent[] of [the] child's progress" (*Matter of Jessica Lynn W.*, 244 AD2d 900, 900-901; *see* § 384-b [7] [f]).  Here, the mother was in foster care at the time of the child's birth pursuant to a PINS order and, among other things, petitioner provided the mother with referrals to parenting classes and with placements that would give her the structured environment she needed.

Contrary to the further contention of the mother, Family Court properly determined that she failed to plan for the future of the child, although able to do so (*see Matter of Whytnei B. [Jeffrey B.],*

77 AD3d 1340, 1341). The mother did not comply with her service plan, inasmuch as she did not engage in mental health counseling or parenting classes as recommended by petitioner. In addition, she fled her placements on numerous occasions, each time missing visits with the child.

Finally, the court did not abuse its discretion in refusing to enter a suspended judgment. The record supports the court's determination that a suspended judgment, i.e., "a brief grace period designed to prepare the parent to be reunited with the child" (*Matter of Michael B.*, 80 NY2d 299, 311), was not in the best interests of the child (*see Matter of Alexander M. [Michael A.M.]*, 106 AD3d 1524, 1525). The mother's "negligible progress" in addressing the issues that initially necessitated the child's removal from her custody was " 'not sufficient to warrant any further prolongation of the child's unsettled familial status' " (*Alexander M.*, 106 AD3d at 1525).

Entered:  November 14, 2014                      Frances E. Cafarell
                                                 Clerk of the Court