# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1025**
**CAF 13-01252**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF SOPHIA M.G.K.
---------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,
PETITIONER-RESPONDENT;

                                              MEMORANDUM AND ORDER

TRACY G.K., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL),
FOR RESPONDENT-APPELLANT.

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (PETER A. ESSLEY OF
COUNSEL), FOR PETITIONER-RESPONDENT.

BETH A. RATCHFORD, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Dandrea
L. Ruhlmann, J.), entered June 18, 2013 in a proceeding pursuant to
Family Court Act article 6.  The order, among other things, terminated
the parental rights of respondent with respect to the subject child
and freed the child for adoption.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from two dispositional
orders that, inter alia, terminated her parental rights with respect
to the two subject children and freed the children for adoption.  We
affirm the order in each appeal.

We conclude with respect to both appeals that, contrary to the
mother's contention, Family Court's determinations that she
permanently neglected the children are supported by clear and
convincing evidence (*see Matter of Peter D*., 262 AD2d 998, 998).  The
mother failed to obtain required mental health evaluations and to
obtain a suitable and stable housing situation (*see Matter of Jessica
Lynn W*., 244 AD2d 900, 901).  "Because she failed to make any progress
in overcoming the problems that initially endangered the children and
continued to prevent their safe return, the court properly found that
[the mother] was unable to make an adequate plan for her children's
future" (*Matter of Rebecca D*., 222 AD2d 1092, 1092; *see* Social
Services Law § 384-b [7] [a]).  The court's determinations in both
appeals that it was in the children's best interests to be adopted by
the foster parents with whom they had lived for most of their lives

rather than to be returned to the mother is entitled to great deference (*see Matter of Elijah D. [Allison D.]*, 74 AD3d 1846, 1847), and we see no reason to disturb the court's determinations.

We have reviewed the mother's remaining contention in appeal No. 1 and conclude that it is without merit.

Entered:  October 9, 2015                                    Frances E. Cafarell
                                                            Clerk of the Court