# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1235**
**CAF 14-00250, CAF 14-00289**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF BURKE H.
----------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

MEMORANDUM AND ORDER

RICHARD H. AND TIFFANY H.,
RESPONDENTS-APPELLANTS.
----------------------------------------
IN THE MATTER OF SEAN H., DONNA H. AND
CHLOE H.
----------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

RICHARD H. AND TIFFANY H.,
RESPONDENTS-APPELLANTS.

---

BERNADETTE HOPPE, BUFFALO, FOR RESPONDENT-APPELLANT RICHARD H.

COLUCCI & GALLAHER, P.C., BUFFALO (REGINA A. DELVECCHIO OF COUNSEL), FOR RESPONDENT-APPELLANT TIFFANY H.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeals from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered January 23, 2014 in proceedings pursuant to Family Court Act article 10 and Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondents with respect to Sean H., Donna H. and Chloe H.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In these consolidated appeals arising from proceedings pursuant to Social Services Law § 384-b and Family Court Act article 10, respondent mother and respondent father each appeal from an order that, inter alia, terminated their parental rights on the ground of permanent neglect with respect to their three older children and freed those children for adoption. We affirm.

Contrary to the mother's contention, we conclude that petitioner

established by the requisite clear and convincing evidence that it fulfilled its duty to exercise diligent efforts to encourage and strengthen the parents' relationships with the subject children during the relevant time period (*see* Social Services Law § 384-b [7] [f]; *Matter of Sheila G.*, 61 NY2d 368, 373). Specifically, petitioner's caseworker facilitated the parents' supervised visitation with the children, referred the parents to parenting and domestic violence programs, arranged for preventative services, referred the parents to mental health counseling and encouraged them to attend such counseling, and conducted service plan reviews (*see Matter of Sapphire A.J. [Angelica J.]*, 122 AD3d 1296, 1297, *lv denied* 24 NY3d 916; *Matter of Jyashia RR. [John VV.]*, 92 AD3d 982, 983; *Matter of Laelani B.*, 59 AD3d 880, 881). Further, when the mother stopped attending mental health counseling, the caseworker suggested other facilities for the mother to attend and encouraged her to reapply for Medicaid to obtain coverage for the counseling, and when the father had trouble paying for his counseling sessions, the caseworker referred him to another, less expensive agency (*see Matter of Carter A. [Courtney QQ.]*, 121 AD3d 1217, 1218; *Matter of Aldin H.*, 39 AD3d 914, 915). The caseworker also encouraged the parents to comply with the stay-away orders of protection that had been put in place because of the volatile and violent nature of their relationship, and explained to the parents that continuing to violate the orders of protection would jeopardize their ability to have the children returned to their care (*see generally Carter A.*, 121 AD3d at 1219).

Contrary to the mother's further contention, we conclude that the court properly determined that she failed to plan for the future of the children, although able to do so (*see Sapphire A.J.*, 122 AD3d at 1297). The evidence established that the mother stopped attending mental health counseling and failed to complete such counseling in the manner recommended by petitioner (*see Jyashia RR.*, 92 AD3d at 983; *Matter of Kyle K.*, 49 AD3d 1333, 1335, *lv denied* 10 NY3d 715). To the extent that there was a discrepancy between the mother's service plan and the testimony of petitioner's caseworkers on the issue whether the mother had previously attended an approved facility for counseling, we note that the court was entitled to credit the testimony of petitioner's caseworkers that the mother failed to complete counseling at such a facility, particularly in light of the mother's "failure to testify at the fact-finding hearing" (*Matter of Serenity P. [Shameka P.]*, 74 AD3d 1855, 1855, quoting *Matter of Nassau Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79). Further, although the mother participated in some of the services offered by petitioner, petitioner established that she "did not successfully address or gain insight into the problems that led to the removal of the child[ren] and continued to prevent the child[ren]'s safe return" (*Matter of Giovanni K.*, 62 AD3d 1242, 1243, *lv denied* 12 NY3d 715; *see Matter of Sophia M.G.K. [Tracy G.K.]*, 132 AD3d 1377, 1378; *Matter of Kyla E. [Stephanie F.]*, 126 AD3d 1385, 1386, *lv denied* 25 NY3d 910). Indeed, although the mother expressed a strong desire to end her relationship with the father when initially interviewed by petitioner's expert psychologist and was warned by one of petitioner's caseworkers that violating the orders of protection would be detrimental to her interests, the evidence established that the mother repeatedly violated the orders of

protection to stay away from the father, the parents conceived another child while the neglect proceedings were ongoing with respect to the older children, and the parents were again living together at the time of the fact-finding hearing (*see Carter A.*, 121 AD3d at 1219; *Matter of Jayden J. [Johanna K.]*, 100 AD3d 1207, 1209, *lv denied* 20 NY3d 860). To the extent that the mother challenges the testimony of petitioner's psychologist, we reiterate that "it is well settled that the court's 'determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed if supported by the record' " (*Matter of Burke H. [Tiffany H.]*, 117 AD3d 1568, 1568; *see Matter of Burke H. [Richard H.]*, 117 AD3d 1455, 1456). We conclude on this record that "the court properly credited the psychologist's report and opinion, which were based upon numerous visits with the mother and an extensive review of documentation" (*Burke H. [Tiffany H.]*, 117 AD3d at 1569).

We reject the parents' contentions that petitioner failed to meet its burden of establishing by a preponderance of the evidence that termination of their parental rights is in the best interests of the three subject children (*see Matter of Yasiel P. [Lisuan P.]*, 79 AD3d 1744, 1746, *lv denied* 16 NY3d 710). The record establishes that the parents failed to complete their service plans and made inadequate efforts to visit the subject children despite being able to do so (*see id.*). We reject the mother's further contention that termination of the parents' parental rights is not in the best interests of the subject children because it will result in separation from their younger sibling. "Although separation of siblings is not desirable, it is sometimes necessary to serve their best interests" (*Matter of S. Children*, 210 AD2d 175, 176, *lv denied* 85 NY2d 807; *see Matter of Malik M.*, 40 NY2d 840, 841; *Matter of Joshua E.R. [Yolaine R.]*, 123 AD3d 723, 726; *Matter of Alpacheta C.*, 41 AD3d 285, 286, *lv denied* 9 NY3d 812). Here, although the record establishes that the subject children were bonded with the younger child, we note that the subject children had already been living in foster care prior to the younger child's birth and have continued to do so thereafter. Indeed, the evidence established that the subject children's foster parent was an appropriate preadoptive resource who had bonded with the subject children, provided them with a structured environment, and integrated them into his large, supportive family. The court's determination "that it was in the [subject] children's best interests to be adopted by the foster parent[] with whom they had lived for most of their lives rather than to be returned to the [parents] is entitled to great deference" (*Sophia M.G.K.*, 132 AD3d at 1378; *see Matter of Elijah D. [Allison D.]*, 74 AD3d 1846, 1847), and we see no reason to disturb that determination.

The father failed to preserve for our review his contention that the court abused its discretion in not imposing a suspended judgment (*see Matter of Dakota H. [Danielle F.]*, 126 AD3d 1313, 1315, *lv denied* 25 NY3d 909; *Matter of Atreyu G. [Jana M.]*, 91 AD3d 1342, 1343, *lv denied* 19 NY3d 801). In any event, a suspended judgment was not warranted under the circumstances inasmuch as "any 'progress made by [the father] in the months preceding the dispositional determination was not sufficient to warrant any further prolongation of the

[subject] child[ren]'s unsettled familial status' " (*Matter of Donovan W.*, 56 AD3d 1279, 1279, *lv denied* 11 NY3d 716).

Finally, on the mother's prior appeal, we determined that the court's finding of derivative neglect with respect to the younger child was supported by a preponderance of the evidence (*Burke H. [Tiffany H.]*, 117 AD3d at 1568; *see Burke H. [Richard H.]*, 117 AD3d at 1455). That determination is the law of the case, which forecloses the mother's challenge to that finding in the instant appeal (*see Matter of Jeremy H. [Logann K.]*, 100 AD3d 518, 518-519; *see generally Matter of Yamilette M.G. [Marlene M.]*, 118 AD3d 698, 699, *lv denied* 24 NY3d 906).

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court