Matter of Bianca F. (Terrald F.) (2021 NY Slip Op 00979)





Matter of Bianca F. (Terrald F.)


2021 NY Slip Op 00979


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1200 CAF 18-02167

[*1]IN THE MATTER OF BIANCA F. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; TERRALD F., RESPONDENT-APPELLANT. (APPEAL NO. 1.)






DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.
DONALD S. THOMSON, BATH, FOR PETITIONER-RESPONDENT.
THOMAS V. CASE, HORNELL, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Steuben County (Peter C. Bradstreet, J.), entered October 31, 2018 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal Nos. 1 and 2, respondent father appeals from orders terminating his parental rights to the subject children pursuant to Social Services Law § 384-b on the ground of permanent neglect. We now affirm in both appeals.
Contrary to the contentions of petitioner and the Attorney for the Child in both appeals, the orders were not entered on the father's default. An order is entered on default where the parent fails to appear and the attorney, although present, elects not to participate in the parent's absence (see e.g. Matter of Heavenly A. [Michael P.], 173 AD3d 1621, 1622 [4th Dept 2019]; Matter of Makia S. [Catherine S.], 134 AD3d 1445, 1445 [4th Dept 2015]). Here, however, the father's attorney participated by cross-examining one witness, repeatedly indicating his lack of objection to various exhibits offered by petitioner, and informing Family Court that he had no witnesses after petitioner rested. Where, as here, an attorney participates in the proceedings, the resulting order cannot be said to have been entered on default (see e.g. Matter of Savanna G. [Danyelle M.], 118 AD3d 1482, 1482 [4th Dept 2014]; Matter of Danielle M., 26 AD3d 748, 748 [4th Dept 2006], lv denied 7 NY3d 703 [2006]).
With respect to the merits, we conclude in both appeals that petitioner met its burden of establishing by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen the father's relationship with the children (see Social Services Law § 384-b [7] [a]; Matter of Giovanni K., 62 AD3d 1242, 1243 [4th Dept 2009], lv denied 12 NY3d 715 [2009]; see generally Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]).
Contrary to the father's contention in both appeals, the evidence at the hearing establishes that, despite those diligent efforts, the father failed to plan for the future of the children, although physically and financially able to do so. In particular, he failed to correct the conditions that led to their removal inasmuch as he failed, inter alia, to find "suitable and stable housing" (Matter of Sophia M.G.K. [Tracy G.K.], 132 AD3d 1377, 1378 [4th Dept 2015]; see Matter of Zachary H. [Jessica H.], 129 AD3d 1501, 1501 [4th Dept 2015], lv denied 25 NY3d 915 [2015]; see generally Matter of Rachael N. [Christine N.], 70 AD3d 1374, 1374 [4th Dept 2010], lv [*2]denied 15 NY3d 708 [2010]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court